**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS LONDON, EACH SEVERALLY SUBSCRIBING TO INSURANCE POLICIES EACH FOR HIS OWN PART AND NOT ONE FOR THE OTHER NUMBERED AE2141B AND VS5057L, *et al.*<br><br>       Plaintiffs,<br><br>   v.<br><br>GREAT SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA a/k/a LIBYA, *et al.*<br><br>      Defendants. | )<br>)<br>)  Case No. 1:06-cv-00731-GK<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### <u>STATEMENT OF PARTIES' LOCAL RULE 16.3 MEETING</u>

Pursuant to Local Rule 16.3 and Fed. R. Civ. P. 26, counsel for plaintiffs and counsel for defendants The Socialist People's Libyan Arab Jamahiriya, the Libya Internal Security Organization, the Libya External Security Organization, Mummar Qadhafi, Major Abdallah al-Sanusi, and Abrahim al-Bishari (hereinafter collectively "Libya") met and conferred regarding the above captioned case.[1]  During the conference, counsel for the parties discussed the matters set forth in Local Rule 16.3(c) and, based on their discussion, reached agreement and/or developed their respective positions set forth below on the following issues.  Where the parties' positions differ, they are set forth separately.

    **1**.  **Case disposed of by dispositive motion**

        a.  <u>Plaintiffs' position.</u>

---

[1] On October 4, 2006 this Court entered default against the Syrian defendants, Syrian Arab Republic, Syrian Air Force Intelligence, and General Muhammed Al Khuli

It is the plaintiffs' position that this matter cannot be disposed of by dispositive motion at this time. Defendants have filed a dispositive Motion to Dismiss.  Plaintiffs anticipate filing their response on or before February 2, 2007.  Defendants expect to file their Reply on or before, March 2, 2007.  Plaintiffs believe that a motion for summary judgment or partial summary judgment is appropriate for filing as to the liability of Libya.

      b.  <u>Defendants' position.</u>

Defendants have filed a Motion to Dismiss on multiple grounds including lack of jurisdiction and failure to state a claim which, if granted, would be dispositive of all claims in this case   Therefore, it is the Defendants' position that all proceedings, including discovery and dispositve motions, be held in abeyance  until the Court has ruled on the pending Motion to Dismiss.  The Defendants suggest that following the Court's ruling on the pending Motion to Dismiss, the parties should reconvene to discuss the filing and briefing of motions for summary judgment.

## 2.  Date By Which Other Parties Shall Be Joined

At this time, the parties agree that it is not anticipated that any additional parties will be joined in this matter.

## 3.  Assignment Of Case To Magistrate for All Purposes

The parties agree that this matter should not be assigned to a Magistrate for all purposes.

## 4. Possibility of Settlement

a.  <u>Plaintiffs' position</u>

Notwithstanding the points contained herein, and without causing any delay in the proceedings otherwise before the Court in this matter, Plaintiffs believe that it is in the interest of the parties to participate in settlement discussions designed to resolve the within action now, especially considering the recent re-establishment of diplomatic relations between the United States and Libya.  Plaintiffs are prepared to enter into any such discussions either privately, with the assistance of the Court, with the assistance of a private mediator, or with the assistance of the United States Department of State.

    b.  <u>Defendants' position</u>

The Defendants do not have the authority of their client discuss settlement while a dispositive motion is pending.

**5.  ADR Procedures**

The parties agree that at this time they do not believe this case could benefit from Court ADR procedures.

**6.  Dispositive Motions**

Defendants have filed a dispositive Motion to Dismiss.  Plaintiffs expect to file their response on February 2, 2007 and Defendants expect to file a reply by March 2, 2007.

Plaintiffs believe that a motion for summary judgment or partial summary judgment may be appropriate as to the liability of Libya.  If this case proceeds beyond the Motion to Dismiss, the Defendants also may file a motion for summary judgment or partial summary judgment.  The parties propose that any dispositive motions be filed not later than sixty (60) days following the conclusion of the fact and expert discovery (whichever is later) and that the non-moving parties shall have forty five (45) days to

oppose any motion, and that the moving party have thirty (30) days to file any reply to any opposition filed.

### 7. Initial Disclosures

The parties agree that because of the complex nature of this case, they will stipulate to dispense with the initial disclosures required by F.R.Civ.P. 26(a)(1).

### 8. Discovery

a. <u>Plaintiffs' position</u>

Plaintiffs propose that discovery commence immediately. As the Defendants oppose commencing discovery until a ruling on the pending Motion to Dismiss, and in the event that the Court rules that discovery shall be stayed until this Court's ruling on said pending Motion to Dismiss, Plaintiffs request that discovery be ordered to commence immediately following the Court's ruling, notwithstanding any appeals that any party may seek to take at that time.

b. <u>Defendants' position</u>

Defendants propose that all discovery shall be held in abeyance until this Court's ruling on the pending Motion to Dismiss.

c. <u>Length of Discovery Process</u>

The parties agree that once discovery does commence, the parties shall have nine months (9) to complete all fact discovery in this matter.

d. <u>Scope of discovery</u>

The parties agree that at this time it is premature to indicate the number of depositions and interrogatories that will be required until discovery has commenced. The parties agree that once the Court has ruled that discovery may commence they will meet

and confer again regarding the scope of the discovery to be taken. The parties agree that at this time there is no need to enter into a protective order; however, should it later be determined that such a protective order is warranted, the parties will endeavor to stipulate to a protective order to be entered by the Court which governs the use of confidential materials.

The parties reserve their rights to request reasonable discovery schedule extensions for good cause shown.

**9. Expert Discovery**

The parties propose that expert discovery will be conducted simultaneously with fact discovery and will be completed within 120 days after the conclusion of the fact discovery pursuant to the following schedule: (i) the parties will simultaneously exchange expert disclosures under Fed. R. Civ. P. R. 26(a)(2) within 30 days of the conclusion of fact discovery; (ii) the parties shall then have 30 days to counter-designate rebuttal experts; (iii) the parties will then have 90 days to depose all experts disclosed by any party.

**10. Class Actions**

Not applicable

**11. Bifurcation**

This Court having made an entry of default against the Syrian defendants, the parties agree that plaintiffs may seek bifurcated proceedings as to the Syrian defendants, to which the Libyan defendants do not object.

**12. Pretrial Conference**

The parties propose that the Court set this matter for a Pretrial Conference 60 days after the completion of all discovery.

### 13.  Trial Date

The parties propose that the Court set this matter for trial after the Pretrial Conference.

### 14.    Other Matters

The parties request that the Court set a Status Conference within 60 days after the Court's ruling on the pending Motion to Dismiss to address all outstanding matters.

Dated:  January 23, 2007                         Respectfully Submitted,

HEIDEMAN NUDELMAN & KALIK, P.C.
1146 19th Street, N.W., Fifth Floor
Washington, DC  20036
Telephone:  202-463-1818
Telefax:  202-463-2999

By: _/s/ Richard D. Heideman_____

__/s/Tracy Reichman Kalik_____
Richard D. Heideman (No. 377462)
Noel J. Nudelman (No. 449969)
Tracy Reichman Kalik (No. 462055)

PERLES LAW FIRM, P.C
Steven R. Perles (No. 326975)
Edward MacAllister (No. 494558)
1146 19th Street, N.W., Fifth Floor
Washington, DC  20036
Telephone: 202-955-9055
Telefax:     202-955-3806

*Counsel for Plaintiffs*

ECKERT SEAMANS CHERIN &
MELLOTT, LLC
747 Pennsylvania Ave, NW
Twelfth Floor

Washington, DC  20006

By:___/s/ Mark A. Johnston_____
    Thomas J. Whalen, Esq.
    Mark A. Johnston, Esq.

ECKERT SEAMANS CHERIN &
MELLOTT, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA  15219

By:___/s/ Wendy West Feinstein__
    Wendy West Feinstein, Esq.

*Counsel for Defendants*