IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS LONDON, et al )<br><br>Plaintiffs, )<br><br>v. )<br><br>GREAT SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA, et al )<br><br>Defendants. ) | Case No. 1:06-cv-00731-GK |

## DEFENDANTS' MOTION FOR SEPARATE ORAL ARGUMENT

Defendants, Great Socialist People's Libyan Arab Jamahiriya, Libyan Internal Security, Libyan External Security, Mu'Ammar Al-Qadhafi, Abdallah Al-Sanusi, and Ibrahim Al-Bishari, by undersigned counsel, hereby move pursuant to Fed. R Civ. P. Rule 7 and Local Civil Rule 7 for an Order for separate oral argument on defendants' Motions to Dismiss. As set forth more fully below, a combined argument is currently set for May 10, 2007 at 10:00 a.m. for the Motions to Dismiss filed in the above-captioned matter and in the matter of *Estate of John Buonocore III, et al. v. Great Socialist People's Libyan Arab Jamahiriya, et al.*, Civil Action No. 06-00727 (GK). Defendants respectfully request that a separate oral argument in this case be held immediately prior to on the same date as oral argument in the *Buonocore* case. In support of this Motion for Separate Oral Argument, defendants state as follows:

1.   This case arises out of the EgyptAir Flight 648 hijacking which occurred on November 23, 1985. On that date, EgyptAir Flight 648, en route from Athens, Greece to Cairo, Egypt, was hijacked by members of the Abu Nidal Organization ("ANO"). Plaintiffs are insurance carriers which allegedly made payments on certain policies *for property damage*

arising from the attack. The insurer plaintiffs allege that they provided insurance that covered the hull of the aircraft owned by EgyptAir which was damaged beyond repair during the attack, and that they allegedly paid the owner of the aircraft $40,000,000 under the Policies for the hull loss. Plaintiffs allege that the defendants do not enjoy sovereign immunity because they implicitly waived immunity under 28 U.S.C. § 1605(a)(1).

2. On December 5, 2006, defendants filed a Motion to Dismiss all claims on the basis that they are immune from suit and on other legal grounds. Plaintiffs filed a brief in Opposition thereto on February 2, 2007. Defendants filed their Reply brief on March 2, 2007.

3. Plaintiffs' counsel in the above-captioned matter also serve as plaintiffs' counsel in the matter of *Estate of John Buonocore III, et al. v. Great Socialist People's Libyan Arab Jamahiriya, et al.*, Civil Action No. 06-00727 (GK) which is also pending before this Court. The *Buonocore* case is unrelated to the above-captioned matter. The *Buonocore* case arises from a separate terrorist attack at the Leonardo da Vinci Airport in Rome, Italy on December 27, 1985. Plaintiffs in that case are U.S. citizens who were injured in the attack and individuals who represent the estates of U.S. citizens who were killed during the attack. Plaintiffs in the *Buonocore* case are seeking damages for claims related to ***personal injury and death***.

4. The named Libyan defendants in the *Buonocore* case are the same as the named Libyan defendants in the instant matter. In addition, undersigned counsel for the Libyan defendants also represent the Libyan defendants in the *Buonocore* case.

5. Defendants in the *Buonocore* case also filed a Motion to Dismiss all claims on jurisdictional and other legal grounds on December 5, 2006. Plaintiffs filed a brief in Opposition thereto on January 19, 2007. Defendants filed their Reply brief on March 16, 2007, and plaintiffs filed a Surreply on April 10, 2007.

6. Given that the instant case and the *Buonocore* case were in a similar procedural posture, and in the interest of judicial economy, the parties requested that the Initial Status Conference for both cases be held on the same date and time. The Court granted the parties request and a Status Conference was held in both matters on January 30, 2007.

7. At the January 30, 2007 Initial Status Conference, the Court scheduled oral argument in both matters on defendants' Motions to Dismiss for May 10, 2007. The Court indicated that each side would have 30 minutes to argue its position in both cases and that the arguments in both cases would be held at the same time.

8. At the January 30, 2007 Status Conference, counsel for defendants requested that oral arguments for the two cases be heard separately and that the Court bifurcate oral argument. The Court declined counsel for defendants' request at that time, but invited counsel to file a motion setting forth the grounds for defendants' request approximately two weeks prior to oral argument. Accordingly, defendants are filing the instant Motion.

9. Although counsel for the parties in both cases are the same, and though there is a statute of limitations argument in both Motions to Dismiss, the two cases are fundamentally different. The *Lloyd's* case involves claims for property damage only, whereas the *Buonocore* case involves claims related to personal injury and death, and jurisdiction is based on different exceptions to sovereign immunity. The distinctions are crucial.

10. Similar to defendants' arguments in the case at bar, Judge Kennedy from this Court recently ruled that property damage claims arising from terrorist acts are not subject to the FSIA's waiver of sovereign immunity within the context of Section 1605(a)(7). See *La Reunion Aerienne v. The Socialist People's Libyan Arab Jamahiriya, et al.*, Case No. 1:05-cv-01932-

HHK (March 9, 2007 opinion), attached hereto as Exhibit A.[1] Defendants contend that the issue of whether claims for property damage are subject to an implicit waiver of sovereign immunity pursuant to the provisions of 1605(a)(1) is wholly dispositive of the *Lloyd's* case. Therefore, the Court would not need to address the other arguments presented in defendants' Motion in *Lloyd's* should it find, as did Judge Kennedy, that property damage claims do not fall under an exception to immunity under the FSIA. In the interest of judicial economy, defendants respectfully submit that argument in the *Lloyd's* case should be separate from argument in *Buonocore*, and that the Court should hear argument in *Lloyd's* prior to hearing argument in *Buonocore*.

11.    Moreover, defendants maintain that their arguments with respect to equitable tolling and other jurisdictional issues should be heard separately in the context of the personal injury and death claims asserted in the *Buonocore* case. Although defendants have raised arguments concerning the doctrine of equitable tolling in both the *Lloyd's* and *Buonocore* cases, their respective arguments are fundamentally different. In *Buonocore*, plaintiffs assert the defendants waived sovereign immunity pursuant to Section 1605(a)(7) of the FSIA. Section 1605(a)(7) includes a tolling provision which explicitly references the doctrine of equitable tolling. By contrast, plaintiffs in *Lloyd's* claim defendants implicitly waived sovereign immunity pursuant to Section 1605(a)(1). However, Section 1605(a)(1) does not contain a tolling provision and does not include any reference to the doctrine of equitable tolling. Accordingly, the equitable tolling arguments in each case are fundamentally different and should be considered separately by the Court within the context of the specific facts of each respective case.

---

[1] Judge Kennedy's March 9, 2007 opinion was not available at the time defendants filed their Reply brief in this case. Counsel for defendants will be prepared to discuss this opinion at oral argument on May 10, 2007.

4

12. The facts and claims of the above-captioned case and the *Buonocore* case are distinct and unique. Oral argument should therefore be bifurcated so that the Court can hear and consider the arguments of the parties within the context of each respective case.

13. Undersigned counsel certifies that in accordance with Local Rule LCvR 7(m), he has consulted with plaintiffs' counsel regarding this request for separate oral argument. Plaintiffs' counsel informed counsel for defendants that plaintiffs consent to separate oral argument for *Lloyd's* and *Buonocore*, respectively. However, plaintiffs request that the Court hear oral argument in *Buonocore* prior to hearing argument in *Lloyd's*.

WHEREFORE, defendants respectfully request that the Court enter an Order for separate oral argument and that argument in the above captioned matter be held on May 10, 2007 immediately prior to oral argument in the matter of *Estate of John Buonocore III, et al. v. Great Socialist People's Libyan Arab Jamahiriya, et al.*, Civil Action No. 06-00727 (GK).

                Respectfully Submitted,

                **ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By:    *Mark A. Johnston*
        Thomas J. Whalen, Esq. (Bar No. 208512)
        Mark A. Johnston, Esq. (Bar No. 455764)
        1747 Pennsylvania Ave., N.W.,
        Twelfth Floor
        Washington, D.C. 20006
        (202) 659-6600

        Wendy West Feinstein, Esq. (Pa ID No. 86698)
        *Admitted Pro Hac Vice*
        600 Grant Street
        44th Floor
        Pittsburgh, PA 15219
        (412) 566-6000

        Counsel for Defendants, Great Socialist People's Libyan Arab Jamahiriya, Libyan Internal Security, Libyan External Security, Mu'Ammar Al-Qadhafi, Abdallah Al-Sanusi, and Ibrahim Al-Bishari

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **Motion for Separate Oral Argument** was electronically filed and served, this 26th day of April, 2007, to:

>Richard D. Heideman
>Tracy Reichman Kalik
>Heideman Nudelman & Kalik, P.C.
>1146 19th Street, NW
>5th Floor
>Washington, DC 20036
>
>Steven R. Perles
>Perles Law Firm, P.C.
>1146 19th Street, NW
>5th Floor
>Washington, DC 20036
>
>             *Mark A. Johnston*
>             Mark A. Johnston