# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Certain Underwriters at Lloyds London, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Great Socialist People's Libyan Arab Jamahiriya, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 06-00731 (GK) |

## PLAINTIFFS' PRAECIPE REGARDING STATUS OF FURTHER PROCEEDINGS BEFORE THIS COURT

COME NOW the Plaintiffs, and pursuant to this Court's Minute Order entered January 8, 2008 file this Praecipe to advise the Court as to proposed further proceedings before this Court, and in support thereof advise the Court as follows:

1.  This action was commenced on April 21, 2006 by the Plaintiffs.

2.  The Court entered default against the Syrian Defendants on October 4, 2006.

3.  Pursuant to a Motion to Dismiss filed by the Libyan Defendants, the Court rendered its Memorandum Opinion and Order dismissing the Libyan Defendants, which was appealed by the Plaintiffs as Appellants.

4.  The Libyan Defendants/Appellees filed a Motion to Dismiss the appeal on the grounds that the District Court had not entered a final judgment as to all Defendants in the within action.

1

5. On January 4, 2008, the U.S. Court of Appeals for the District of Columbia Circuit granted Defendants' Motion to Dismiss the appeal finding that the Court had not fully disposed of Plaintiffs' claims against the Syrian Defendants because only defaults, and not default judgments, had been entered against the Syrian Defendants.

6. On January 11, 2008, the mandate was issued by the Clerk of the U.S. Court of Appeals, returning this matter back to United States District Court for the District of Columbia for further proceedings.

7. Subsequently, on January, 28, 2008, the President of the United States signed into law the National Defense Authorization Act of 2008, Pub. L. No. 110-181.  Section 1083 of this Act amends the Foreign Sovereign Immunities Act by deleting 28 U.S.C. § 1605(a)(7), which was previously known as, the "state sponsored terrorism" exception to sovereign immunity, under which this cause of action was brought, and replaces it with 28 U.S.C. § 1605A.

8. Plaintiffs advise the Court that this new law provides wide-scale extensive legislative revisions to the FSIA provisions, which specifically govern actions against U.S. designated state sponsors of terrorism.  A copy of the new law Pub. Law No. 110-181, Sec. 1083, Terrorism Exception to Immunity, which contains the new 28 U.S.C § 1605(A), is attached hereto as Exhibit A for the Court's reference.

9. This new law provides, in pertinent part, the following modifications:

a. Creation of private right of action under federal law against any foreign state that is or was a state sponsor of terrorism as described in subsection 28 U.S.C. § 1605A(a)(2)(A)(i) and any official, employee or agent of that foreign state while acting within the scope of his or her office, employment for nationals of the United States (or their legal representatives) who were injured or killed by acts as described in subsection (a)(1).[1] 28 U.S.C. § 1605A(c). Said private cause of action allows claims to be brought if the claimant or the victim, was, at the time of the terrorist act, a national of the United States. The new federal cause of action may be maintained for money damages which may include economic damages, solatium, pain and suffering and punitive damages. In addition, the law provides that the foreign state shall be vicariously liable for the acts of its officials, employees and agents. 28 U.S.C. § 1605A(c).

b. Clarifies that not only may damages be awarded for the personal injury and death claims as described above, but also for the reasonably foreseeable <u>property losses</u>, whether insured or uninsured, which resulted by reason of the same acts under which

---

[1] Subsection (a)(1) states that "a foreign state shall not be immune from suits in which money damages are sought against the foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee or agent of such foreign state while acting within the scope of his or her office, employment or agency."

3

   the personal injury and death claims are based.  28 U.S.C. § 1605(A)(d) (emphasis added).

 c. Provides that the amendments made by this new law apply to pending cases   Pub. Law No. 110-181, Sec. 1083(c).

 d. Clarifies that actions may be maintained under this new Section if the action (or a related action) was commenced under the old provisions of 28 U.S.C. § 1605(a)(7) not later than the latter of –

   '(1) 10 years after April 24, 1996;[2] or

   '(2) 10 years after the date on which the cause of action arose.

28 U.S.C. § 1605A(b);

e. Provides a 60 day window, from January 28, 2008 (the date of enactment) until March 28, 2008 for additional related actions to be brought which arise out of the same act or incident, provided there is a related action that has been timely brought.  Pub. Law No. 110-181, Sec. 1083(c)(3).

f. Clarifies that foreign states who are subject to private rights of action under 28 U.S.C. § 1605A are no longer entitled to "collateral order" doctrine appeals, but rather may only appeal interlocutory orders from the District Court if the appeals are properly taken and certified by the District Court as interlocutory appeals pursuant to 28 U.S.C. § 1292(b).

---

[2] As noted in paragraph 1 above, the within action was commenced on April 21, 2006, being within ten (10) years of April 24, 1996.

4

10. Accordingly, as this new law has now been enacted, Plaintiffs have advised the Defendants that pursuant to Fed. R. Civ. P. 54(b) they will be filing with this Court a Motion to Reconsider its Order of July 9, 2007 based on a significant change in the law.  The Defendants have advised Plaintiffs that they do not consent to the filing of a Motion to Reconsider and reserve their right to file a substantive response thereto.  As Congress has now unequivocally spoken to clearly indicate that the Court has subject matter jurisdiction over the Defendants to enable the Plaintiffs to recover damages for "reasonably foreseeable property loss, whether insured or uninsured, third party liability, and loss claims under life and property insurance policies", Plaintiffs submit that this Court should vacate its Order dismissing Plaintiffs' claims based upon lack of subject matter jurisdiction/failure to state a claim issue that had been raised by the Libyan Defendants in their original Motion to Dismiss.

11. Moreover, Plaintiffs intend to file a Motion for Leave to file a Second Amended Complaint, to which Defendants advise they also do not consent.  The Plaintiffs accordingly advise the Court that their Second Amended Complaint will, *inter alia*, contain the following amendments that are explicitly allowed by the new law:

   a. clarify that all Plaintiffs are bringing claims under 28 U.S.C. § 1605A and pursuant to the federal cause of action created by § 1605A(d); and

      b. clarify that damages, including punitive damages, are being sought against all Defendants, including both the foreign states of Libya and Syria, and the instrumentalities and individuals named.

12. Finally, Plaintiffs hereby advise the Court that, out of an abundance of caution, in the event the Court does not grant Plaintiffs' motion for leave file a Second Amended Complaint within the statutory 60 day filing period ending March 28, 2008, Plaintiffs intend to file a new Related Action under 28 U.S.C. § 1605A, pursuant to Pub. Law. No. 110-181, Sec. 1083(c)(3), as (i) this cause of action arises out of the same act or incident that is the subject of *Baker v. Socialist Peoples' Libyan Arab Jamahirya*, Civ. No. 03-cv-0749(GK)(D.D.C.), and (ii) the *Baker* action was timely commenced under the old 28 U.S.C. § 1605(a)(7), and (iii) pursuant to Sec. 1083(c)(3), Plaintiffs may do so at any time before March 28, 2008.

13. Accordingly, the Plaintiffs, having sought the consent of the Defendants to the filing of a Joint Praecipe, but having been advised by the Defendants that they do not so consent and that they intend to file their own Praecipe, respectfully request that this Court enter an Order which:

      a. returns this matter to an open/active case on the Court's docket;

      b. orders that Plaintiffs shall have until February 22, 2008 to file their Motion for Reconsideration pursuant to Fed. R. Civ. P. 54(b); Defendants shall have until March 5, 2008 to file any opposition thereto, and Plaintiffs shall have until March 12, 2008 to file a

        Reply Brief, after which said Motion shall stand submitted to the Court for ruling, subject to further orders of the Court.

    c. orders the Plaintiffs shall have until February 22, 2008 their Motion for Leave to File their Second Amended Complaint with said Second Amended Complaint to be attached thereto; and that the Defendants thereafter shall consent to or oppose said filing within 11 days of Plaintiffs' filing, with the Plaintiffs having 5 days thereafter to file a Reply thereto, after which said Motion shall stand submitted to the Court for forthwith ruling, subject to further orders of the Court.

14. Plaintiffs respectfully will request of the Court an expedited ruling on these matters based upon the new law's 60 day statutory filing requirement under Pub. Law. No. 110-181, Sec. 1083(c)(3). The new law requires a new action to be brought under Pub. Law. No. 110-181, Sec. 1083(c)(3) within 60 days of the date of enactment of the new law, which would be March 28, 2008.

15. A proposed Order is attached.

February 12, 2008				Respectfully Submitted,

						HEIDEMAN NUDELMAN & KALIK, PC
						1146 19th Street NW, Fifth Floor
						Washington, DC 2008
						Telephone: 202.463.1818
						Facsimile: 202.463.2999

						By:  _/s/Richard D. Heideman_____

						  _/s/ Tracy Reichman Kalik_____
						  Richard D. Heideman (No. 377462)
						  Noel J. Nudelman (No. 449969)
						  Tracy Reichman Kalik (No. 462055)

						Steven R. Perles (No. 326975)
						Edward MacAllister   (No. 494558)
						THE PERLES LAW FIRM, PC
						1146 19th Street, NW, 5th Floor
						Washington, DC 20036
						Telephone: 202-955-9055
						Telefax:     202-955-3806

						*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 12th day of February, 2008, I caused the above Plaintiffs' Praecipe Regarding Status of Further Proceedings Before this Court to be electronically filed and served on the following counsel for the Defendants:

Thomas J. Whalen, Esq.
Mark A. Johnston, Esq.
Eckert Seamons Cherin & Mellott, LLC
747 Pennsylvania Ave, NW
Twelfth Floor
Washington, DC  20006

Wendy West Feinstein, Esq.
Eckert Seamons Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA  15219

						      _Tracy Reichman Kalik, Esq._