UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Certain Underwriters at Lloyds London, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Great Socialist People's Libyan Arab Jamahiriya, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. 06-00731 (GK) |

### PLAINTIFFS' MOTION FOR RECONSIDERATION OF COURT'S JULY 9, 2007 ORDER

COME NOW the Plaintiffs, by and through counsel, and hereby move for reconsideration of this Court's July 9, 2007 Order, pursuant to Fed. R. of Civ. P. 54(b) based on a significant change in the controlling law as a result of the enactment on January 28, 2008 of the National Defense Authorization Act for Fiscal Year 2008.  Pub. L. No. 110-181, § 1083, 122 Stat. 3, 338-344 (2008).  Section 1083 of the Act amends the FSIA by deleting 28 U.S.C. §1605(a)(7), which was previously known as, the "state sponsored terrorism" exception to sovereign immunity, and replaces it with 28 U.S.C. § 1605A.  28 U.S.C § 1605A creates subject matter jurisdiction for a federal private right of action under 28 U.S.C §1605A(c) against any foreign state that is or was a state sponsor of terrorism, as described in subsection 28 U.S.C. §1605A(a)(2)(A)(i), for nationals of the United States (or their legal representatives) who were injured or killed by acts as

described in subsection (a)(1).[1] 28 U.S.C. §1605A(c). This new private cause of action allows claims to be brought if the claimant or the victim, was, at the time of the terrorist act, a national of the United States. 28 U.S.C §1605A(a)(2)(A)(ii). The new federal cause of action may be maintained for money damages which may include economic damages, solatium, pain and suffering and punitive damages. 28 U.S.C. §1605A(c). The statute also clarifies that not only may damages be awarded for the personal injury and death claims as described above, but also for the <u>reasonably foreseeable property losses</u>, whether insured or uninsured, which resulted by reason of the same acts under which the personal injury and death claims are based. 28 U.S.C. § 1605(A)(d) (emphasis added).

Accordingly, this Court can and should assert subject matter jurisdiction over the claims of the United States nationals against all Defendants, and, pursuant to the new federal cause of action, 28 U.S.C. §1605A(c) and (d), may award compensatory damages for the property losses these Plaintiffs have made claims for against all Defendants.

In support of said Motion, the Plaintiffs attach the accompanying Memorandum with Points and Authorities. Counsel for Defendant has advised Plaintiffs' counsel that he does not consent to this Motion.

WHEREFORE, for the reasons set forth in the accompanying Memorandum, Plaintiffs' request that this Court reconsider its decision, and enter an Order which vacates the Court's July 9, 2007 Order that dismissed Plaintiffs' claims for lack of subject matter jurisdiction.

---

[1] Subsection (a)(1) states that "a foreign state shall not be immune from suits in which money damages are sought against the foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee or agent of such foreign state while acting within the scope of his or her office, employment or agency."

2

February 22, 2008    Respectfully Submitted,

HEIDEMAN NUDELMAN & KALIK, PC
1146 19th Street NW, Fifth Floor
Washington, DC 2008
Telephone: 202.463.1818
Facsimile: 202.463.2999

By:  /s/Richard D. Heideman

 /s/ Tracy Reichman Kalik
Richard D. Heideman (No. 377462)
Noel J. Nudelman (No. 449969)
Tracy Reichman Kalik (No. 462055)

 /s/ Steven R. Perles
Steven R. Perles (No. 326975)
Edward MacAllister   (No. 494558)
THE PERLES LAW FIRM, PC
1146 19th Street, NW, 5th Floor
Washington, DC 20036
Telephone: 202-955-9055
Telefax:     202-955-3806

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of February, 2008, a copy of Plaintiffs' Motion for Reconsideration of Court's July 9, 2007 Order with accompanying Memorandum in Support was served via ECF:

Thomas J. Whalen, Esq.
Mark A. Johnston, Esq.
Eckert Seamons Cherin & Mellott, LLC
747 Pennsylvania Ave, NW
Twelfth Floor
Washington, DC  20006

Wendy West Feinstein, Esq.
Eckert Seamons Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA  15219

   *Tracy Reichman Kalik, Esq.*

3