UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Certain Underwriters at Lloyds London, *et al.*,

           Plaintiffs,

v.

Great Socialist People's Libyan Arab Jamahiriya, *et al.*,

           Defendants.

Civil Action No. 06-00731 (GK)

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF COURT'S JULY 9, 2007 ORDER

On the basis of a "controlling or significant change in the law", Plaintiffs hereby move the Court pursuant to Fed. R. Civ. P. 54(b) to reconsider and vacate its Order of July 9, 2007, an interlocutory decision, that dismissed the Plaintiffs' claims for want of subject matter jurisdiction.

On January 28, 2008 Congress recently amended the Foreign Sovereign Immunities Act ("FSIA") and expanded the scope of the federal subject matter jurisdiction under the FSIA by passing the National Defense Authorization Act for Fiscal Year 2008.  Pub. L. No. 110-181, § 1083 (2008).  ("Defense Authorization Act"). Section 1083 of that Act amends the FSIA by deleting 28 U.S.C. §1605(a)(7), which was previously known as, the "state sponsored terrorism" exception to sovereign immunity, and replacing it with 28 U.S.C. §1605A. (See Exhibit A).  The scope of potential plaintiffs in a lawsuit brought under 28 U.S.C. §1605A, the new state sponsor of terrorism exception to foreign sovereign immunity, also includes non-US nationals if the

"claimant or victim was at the time" was a US national, 28 U.S.C. §1605A(a)(2)(A)(ii), and clarifies that not only may damages be awarded for the personal injury and death claims as described above, but also expressly for the <u>reasonably foreseeable property losses</u>, whether insured or uninsured, which resulted by reason of the same acts under which the personal injury and death claims are based.  28 U.S.C. §1605A(d) (emphasis added).

Plaintiffs have contemporaneously filed a Motion for Leave to File a Second Amended Complaint based on this change in the controlling law.  The allegations of the Second Amended Complaint submitted with the motion meet each and every requirement of the new controlling statutory section, 28 U.S.C. §1605A, to allow the Court to assert subject matter jurisdiction over this case for both the US nationals and the non-US nationals and to assert a cause of action under 28 U.S.C. §1605A(d).

The Defense Authorization Act is explicitly retroactive:

(c) Application to Pending Cases-
(1) IN GENERAL- The amendments made by this section shall apply to any claim arising under section 1605A of title 28, United States Code.

(Exhibit A at p. 5-6).[1]  This case now arises under 28 U.S.C. §1605A and the retroactivity provision applies to it.

## PROCEDURAL BACKGROUND

This action was originally brought under 28 U.S.C. §1605(a)(1), on April 21, 2006 by the Plaintiffs.  This case stems from the November 23, 1985 terrorist hijacking of Egypt Air Flight No. 648 ("Egypt Air Hijacking") by the Abu Nidal Organization ("ANO"), acting with the material support of and at the direction of the Libyan and

---

[1] In Exhibit A, Plaintiffs provide the Court with a copy from www.thomas.loc.gov of the pertinent section of the Engrossed Bill that was presented to the President for signature on January 24, 2008 and signed on January 28, 2008.  Pub. L. No. 110-181, § 1083 (2008).

Syrian Defendants, which caused Egypt Air Flight No. 648's destruction beyond repair at the loss of the Plaintiffs, and the deaths and injuries of American citizens who are plaintiffs in the pending related action, *Baker v. Socialist People's Libyan Arab Jamahiriya*, CA 03-749 (GK) (D.D.C.), and others.

The Court entered default against the Syrian Defendants on October 4, 2006. Pursuant to a Motion to Dismiss filed by the Libyan Defendants, on July 9, 2007, the Court entered an Order dismissing the Libyan Defendants based on lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act. 28 U.S.C. §§1602, *et seq*.

Plaintiffs filed a notice of appeal on August 14, 2007. On September 28, 2007, Defendants in this case filed a Motion to Dismiss the appeal based upon the interlocutory nature of the appeal. On January 4, 2008, the U.S. Court of Appeals for the District of Columbia Circuit granted Defendants' Motion to Dismiss the appeal finding that the Court had not fully disposed of Plaintiffs' claims against the Syrian Defendants because only defaults, and not default judgments, had been entered against the Syrian Defendants.

On January 11, 2008, the mandate was issued by the Clerk of the U.S. Court of Appeals, returning this matter back to United States District Court for the District of Columbia for further proceedings.

On January 28, 2008, the Defense Authorization Act was signed into law. The Act has a direct and immediate impact on this case by creating subject matter jurisdiction for the Plaintiffs' property damage claims as the "claimant or victim was at the time" of the original terrorist hijacking was an US national who brought has civil action under 28 U.S.C. § 1605(c), " 28 U.S.C. § 1605A(d), which means suits may be brought for damages be awarded for the personal injury and death claims as described above, but also

3

expressly for the <u>reasonably foreseeable property losses</u>, whether insured or uninsured, which resulted by reason of the same acts under which the personal injury and death claims are based. This is an action by both US nationals and non-US national corporate entities for "reasonably foreseeable property loss" resulting from an act of terrorism cognizable under 28 U.S.C. §1605A(c).

## ARGUMENT

### A CHANGE IN CONTROLLING LAW ALLOWS A DISTRICT COURT TO EXERCISE ITS DISCRETION PURSUANT TO FED. R. CIV. P. 54(b)

The Court has wide discretion to revise its Order of July 9, 2007 to account for an important change in the controlling statute that prescribes subject matter jurisdiction for the claimants in this case. "A district court may revise its own interlocutory decisions "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Judicial Watch v. Dep't of the Army*, 466 F. Supp. 2d 112, 123 (D.D.C. 2006) (*quoting* Fed. R. Civ. P. 54(b)). The Court has not yet entered a judgment adjudicating the claims and rights and liabilities of all the parties; should the Court find that a proper basis exists for reconsideration develop as the Plaintiffs believe the Court will find based upon the new controlling law, the Court may then revise its prior interlocutory orders.

The July 9, 2007 Order is an interlocutory order and is subject to revision upon a finding of the appropriate circumstances, which is "as justice requires." *Campbell v. United States DOJ*, 231 F. Supp. 2d 1, 7 (D.D.C. 2002) ("Reconsideration of an interlocutory decision is available under the standard, 'as justice requires.'") (*quoting Childers v. Slater*, 197 F.R.D. 185, 189 (D.D.C. 2000)). Justice requires the Court to

4

reconsider its July 10, 2006 Order because the law on which the Order was based has been changed. The standard "as justice requires" is fulfilled when there has been an "error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (*citing Cobel v. Norton*, 224 F.R.D.266, 272 (D.D.C 2004)). In this case, the Court premised its finding on a lack of a suitable exception to foreign sovereign immunity, a condition that Congress specifically changed by enacting 28 U.S.C. § 1605A, the new controlling law on January 28, 2008, which allows actions to proceed if US nationals were either a claimant or victim of an attack sponsored by a state sponsor of terrorism and further expressly allows actions for "reasonably foreseeable property loss" which result by reason of the same acts under which the personal injury and death claims are based.

      The allegations of the Second Amended Complaint submitted with the Motion for Leave to File a Second Amended Complaint, and filed contemporaneously with this Motion, meet each and every requirement of the new controlling statutory section, 28 U.S.C. §1605A, to allow the Court to assert subject matter jurisdiction over this case for both the US nationals and the non-US nationals and to assert a cause of action under 28 U.S.C. §1605(A)(d).

> (d) Additional Damages.--After an action has been brought under subsection (c), actions may also be brought for reasonably foreseeable property loss, whether insured or uninsured, third party liability, and loss claims under life and property insurance policies, by reason of the same acts on which the action under subsection (c) is based.

Accordingly, as it applies to the instant matter, an action has been brought under subsection(c), entitled *Baker v. Socialist People's Libyan Arab Jamahiriya*, CA 03-749

5

(GK) (D.D.C.) for personal injuries and death arising from an act of terrorism sponsored by Defendants in this case, which enables Plaintiffs in this action to bring this related companion action for "reasonably foreseeable property loss . . . ."  Accordingly, it is proper and just for this Court to find that, pursuant to 28 U.S.C. §1605A, this Court has jurisdiction over Plaintiffs' claims for the property losses suffered by these Plaintiffs as result of the acts of terrorism committed during the Egypt Air Highjacking on November 23, 1985..

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request the Court reconsider its Order of July 9, 2007, an interlocutory decision, that dismissed Plaintiffs' claims for want of subject matter jurisdiction on the basis of a "controlling or significant change in the law."  The allegations of the Second Amended Complaint meet each and every requirement of 28 U.S.C. §1605A to allow the Court to assert subject matter jurisdiction over this case, for both the US nationals and the non-US nationals and their property damage claims for losses suffered incident to the hijacking of Egypt Air Flight 648 on November 23, 1985.  A proposed order is attached.

Dated: February 22, 2007                    Respectfully Submitted,

                                            HEIDEMAN NUDELMAN & KALIK, P.C.
                                            1146 19th Street, NW, 5th Floor
                                            Washington, DC 20036
                                            Telephone:  202-463-1818
                                            Telefax:       202-463-2999

                                            By:____/s/ Richard D. Heideman_____
                                                   /s/ Tracy Reichman Kalik_____
                                               Richard D. Heideman (No. 377462)
                                               Noel J. Nudelman (No. 449969)
                                               Tracy Reichman Kalik (No. 462055)

6

                Steven R. Perles (No. 326975)
                Edward MacAllister (No. 494558)
                PERLES LAW FIRM, PC
                1146 19th Street, NW, 5th Floor
                Washington, DC 20036
                Telephone: 202-955-9055
                Telefax:    202-955-3806