UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Certain Underwriters at Lloyds London, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Great Socialist People's Libyan Arab Jamahiriya, *et al.*, <br><br> Defendants. | Civil Action No. 06-00731 (GK) |

**PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT THEROF, FOR LEAVE TO FILE AN AMENDED COMPLAINT PURSUANT TO THE ENACTMENT OF AND IN COMPLIANCE WITH PUB. LAW. 110-181, SECTION 1083**

COME NOW the Plaintiffs, by and through counsel, and hereby move this Honorable Court for leave to file a Second Amended Complaint pursuant to the enactment of, and in compliance with, the Defense Authorization Act for Fiscal Year 2008, Section 1083, Pub. L. No. 110-181, § 1083, 122 Stat. 3, 338-344 (2008), and in support thereof advise the Court as follows:

1. This action was originally brought under 28 U.S.C. §1605(a)(1), on April 21, 2006 by the Plaintiffs.

2. The Court entered default against the Syrian Defendants on October 4, 2006.

3. Pursuant to a Motion to Dismiss filed by the Libyan Defendants, on July 9, 2007, the Court entered an Order dismissing the Libyan Defendants based on lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act. 28 U.S.C. §§1602, *et seq.*

1

4. Plaintiffs filed a notice of appeal on August 14, 2007. On September 28, 2007, Defendants in this case moved to dismiss the appeal based upon the interlocutory nature of the appeal.

5. On January 4, 2008, the U.S. Court of Appeals for the District of Columbia Circuit granted Defendants' Motion to Dismiss the appeal finding that the Court had not fully disposed of Plaintiffs' claims against the Syrian Defendants because only defaults, and not default judgments, had been entered against the Syrian Defendants.

6. On January 11, 2008, the mandate was issued by the Clerk of the U.S. Court of Appeals, returning this matter back to United States District Court for the District of Columbia for further proceedings.

7. On January, 28, 2008, the President of the United States signed into law the National Defense Authorization Act of 2008, Pub. L. No. 110-181. Section 1083 of this Act amends the Foreign Sovereign Immunities Act by deleting 28 U.S.C. § 1605(a)(7), which was previously known as, the "state sponsored terrorism" exception to sovereign immunity, under which this cause of action was brought, and replaced it with 28 U.S.C. § 1605A.

8. Plaintiffs advise the Court that this new law provides wide-scale extensive legislative revisions to the FSIA provisions, which specifically govern actions against U.S. designated state sponsors of terrorism. A copy of the new law Pub. Law No. 110-181, Sec. 1083, Terrorism Exception to Immunity, which contains the new 28 U.S.C § 1605(A), is attached hereto as Exhibit A for the Court's reference.

9. This new law provides, in pertinent part, the following modifications:

    a. Creation of private right of action under federal law against any foreign state that is or was a state sponsor of terrorism as described in subsection 28 U.S.C. § 1605A(a)(2)(A)(i) and any official, employee or agent of that foreign state while acting within the scope of his or her office, employment for nationals of the United States (or their legal representatives) who were injured or killed by acts as described in subsection (a)(1).[1]  28 U.S.C. § 1605A(c).  Said private cause of action allows claims to be brought if the claimant or the victim, was at the time of the terrorist act, a national of the United States.  The new federal cause of action may be maintained for money damages which may include economic damages, solatium, pain and suffering and punitive damages.  In addition, the law provides that the foreign state shall be vicariously liable for the acts of its officials, employees and agents.  28 U.S.C. § 1605A(c).

    b. Clarifies that not only may damages be awarded for the personal injury and death claims as described above, but also for the <u>reasonably foreseeable property losses</u>, whether insured or uninsured, which resulted by reason of the same acts under which the personal injury and death claims are based.  28 U.S.C. § 1605(A)(d) (Emphasis added.)

    c. Provides that the amendments made by this new law apply to pending cases   Pub. Law. No. 110-181, Sec. 1083(c).

---

[1] Subsection (a)(1) states that "a foreign state shall not be immune from suits in which money damages are sought against the foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee or agent of such foreign state while acting within the scope of his or her office, employment or agency."

  d. Specifically the new law says that with regard to pending cases, such as this one, the defenses of res judicata, collateral estoppel and limitation period are waived and instructs Plaintiffs in those instances where such defenses have been raised, to re-file their claims under the section 28 U.S.C. 1605A(c). Pub. Law No. 110-181, Sec. 1083(c)(2)(B)

  d. Clarifies that actions may be maintained under this new Section if the action (or a related action) was commenced under the old provisions of 28 U.S.C. §1605(a)(7) not later than the latter of –

   '(1) 10 years after April 24, 1996;[2] or

   '(2) 10 years after the date on which the cause of action arose.

28 U.S.C. §1605A(b);

  e. Provides a 60 day window, from January 28, 2008 (the date of enactment) until March 28, 2008 for additional related actions to be brought which arise out of the same act or incident, provided there is a related action that has been timely brought. Pub. Law. No. 110-181, Sec. 1083(c)(3).

  f. Clarifies that foreign states who are subject to private rights of action under 28 U.S.C. § 1605A are no longer entitled to "collateral order" doctrine appeals, but rather may only appeal interlocutory orders from the District Court if the appeals are properly taken and certified by the District Court as interlocutory appeals pursuant to 28 U.S.C. § 1292(b).

10. Plaintiffs, pursuant to Pub. Law. No. 110-181, Sec. 1083(c)(3), request this Court to grant Plaintiff's leave to file a Second Amended Complaint prior to March 28,

---

[2] As noted in paragraph 1 above, the within action was commenced on April 21, 2006, being within ten (10) years of April 24, 1996.

4

2008. Should the Court not grant Plaintiffs' leave, then Plaintiffs will file a new related action under 28 U.S.C. 1605A(c) against these same defendants, pursuant Pub. Law. No. 110-181, Sec. 1083(c)(3). Specifically Pub. Law. No. 110-181, Sec. 1083(c)(3) provides in pending cases that:

> 3. RELATED ACTIONS- if an action arising out of an act or incident has been timely commenced under section 1605(a)(7) of title 28, United States Code or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208), any other action arising out of the same act or incident may be brought under section 1605A of title 28, United States Code, if the action is commenced not the later of 60 days after—
> (A) date of the entry of judgment in the original action; or
> (B) the date of enactment of this Act

11. This cause of action arises out of the same act or incident that is the subject of *Baker v. Socialist Peoples' Libyan Arab Jamahirya*, Civ. No. 03-cv-0749(GK)(D.D.C.), and the *Baker* action was timely commenced under the old 28 U.S.C. § 1605(a)(7), accordingly, pursuant to Sec. 1083(c)(3), Plaintiffs may file a related action under the new statute, 28 U.S.C. 1605A, at any time before March 28, 2008. Plaintiffs' submit that judicial economy will best be served if this will best be accomplished by the filing of a Second Amended Complaint. However, to remain in compliance with the new law, Plaintiffs' are prepared to initiate a new civil action, should this Court so direct.

12. The Plaintiffs accordingly advise the Court that their Second Amended Complaint will, *inter alia*, contain the following amendments that are explicitly allowed by the new law:

   a. clarify that 28 U.S.C. §1605A(a)(1) provides that a foreign state shall not be immune from the jurisdiction of the courts of the United States in a

5

    case where money damages are sought against the foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee or agent of such foreign state.

b. clarify that 28 U.S.C. 1605A(a)(2) provides that a court shall hear a claim, in an action that is re-filed under this section by reason of Section 1083(c)(3) of the National Defense Authorization Act for Fiscal Year, as is the case in this matter, if the foreign state was designated as a state sponsor of terrorism when the related action under section 1605(a)(7) was filed. 28 U.S.C. 1605A(a)(2)(A)(i)(II).

c. clarify that 28 U.S.C. 1605A(a)(2)(A)(ii) provides that the court shall hear a claim under this section if the claimant or victim, was, at the time the terrorist attack occurred, a national of the United States.

d. clarify that 28 U.S.C. 1605A(c) provides that a private right of action may be brought against foreign states that are or were state sponsors of terrorism, and will be liable to the victim's legal representatives.

e. clarify that 28 U.S.C. 1605A(d) provides that after an action has been brought under 28 U.S.C. 1605A(c), then other actions may be brought for the reasonable foreseeable property loss, whether insured or uninsured, third party liability, and loss claims under life and property insurance policies, by reason of the same acts on which an action under 28 U.S.C.1605A(c) is based.

      f.   clarify that damages, including punitive damages, are being sought against all Defendants, including both the foreign states of Libya and Syria, and the instrumentalities and individuals named.

13. It is now unequivocally clear that these plaintiffs may pursue their claims against these defendants, as there has been a claim brought by the United States nationals who were victims of the Egypt Air hijacking on November 23, 1985for the personal injuries and death caused by these defendants. That case was originally filed pursuant to 28 U.S.C.1605(a)(7) (*Baker v. Socialist Peoples' Libyan Arab Jamahirya*, Civ. No. 03-cv-0749(GK)(D.D.C.)) and as the Plaintiffs in this action are now entitled, as the property insurers of the aircraft that was sabotaged by these defendants participation and material support of this terrorist attack, these Plaintiffs may now bring this private right of action for this reasonably foreseeable property loss.

14. A copy of the proposed Second Amended Complaint is attached hereto as Exhibit B.

15. Defendants have advised the Plaintiffs that they will oppose this Court granting leave to Plaintiffs to file a Second Amended Complaint.

16. Plaintiffs should be allowed to amend their Complaint to reflect the change in the controlling law. A party may amend its pleadings with the consent of opposing counsel or "when justice so requires." Fed. R. Civ. P. 15(a).

17. This standard is fulfilled when the amendment is based upon a change in law. *See e.g., Pittston Co. v. United States*, 199 F.3d 694, 705 (4th Cir. 1999).

> Rule 15 (a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), paras. 15.08, 15.10. If the

7

> underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). None of the above-mentioned factors, which support a denial of a request to amend through Fed. R. Civ. P. 15(a), exist in this case. Accordingly, the interests of justice and applicable law mandate that Plaintiffs should be allowed to amend their complaint so that they may re-file their claims under 28 U.S.C. 1605A(c), to reflect the changes in controlling law.

18. Plaintiffs respectfully request of the Court an expedited ruling on these matters based upon the new law's 60 day statutory filing requirement under Pub. Law. No. 110-181, Sec. 1083(c)(3). The new law requires a new action to be brought under Pub. Law. No. 110-181, Sec. 1083(c)(3) within 60 days of the date of enactment of the new law, which would be March 28, 2008. Should the Court not grant leave to file the Second Amended Complaint, as Plaintiffs propose, then in order to fully protect Plaintiffs' rights to proceed under the new statute, 28 U.S.C § 1605A, and pursuant Pub. Law No. 110-181, Sec. 1083(c)(3), Plaintiffs will file a new related action within the sixty (60) day deadline, or by March 28, 2008, of enactment of the Defense Authorization Act for Fiscal Year 2008, Section 1083(c), Pub. L. No. 110-181, § 1083, 122 Stat. 3, 338-344 (2008), alleging their 1605Adc) claims against these same defendants.

19. Accordingly, the Plaintiffs request that this Court enter an Order which:

8

    a. grants the Plaintiffs motion that that pursuant Pub. Law No. 110-181, Sec. 1083(c)(3), Plaintiffs are granted leave to file the Second Amended Complaint to reflect that this matter has been (i) refiled under 28 U.S.C.§ 1605A(d), and to assert causes of action under this new statute; and

    b. directs, that upon the filing of the Court's Order, the Clerk of Court shall receive and file said Second Amended Complaint, to which the Defendants shall answer or otherwise plead in accordance with the Federal Rules of Civil Procedure;

A proposed Order is attached.

February 22, 2008                          Respectfully Submitted,

HEIDEMAN NUDELMAN & KALIK, PC
1146 19th Street NW, Fifth Floor
Washington, DC 20036
Telephone: 202.463.1818
Facsimile: 202.463.2999

By: __/s/Richard D. Heideman_____
    _/s/ Tracy Reichman Kalik_____
    Richard D. Heideman (No. 377462)
    Noel J. Nudelman (No. 449969)
    Tracy Reichman Kalik (No. 462055)

Steven R. Perles (No. 326975)
Edward MacAllister   (No. 494558)
THE PERLES LAW FIRM, PC
1146 19th Street, NW, 5th Floor
Washington, DC 20036
Telephone: 202-955-9055
Telefax:    202-955-3806

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this the 22nd day of February, 2008, I caused the above Plaintiffs' Motion for Leave to File a Second Amended Complaint and Memorandum in Support Thereof to be electronically filed and served on the following counsel for the Defendants:

 Thomas J. Whalen, Esq.
 Mark A. Johnston, Esq.
 Eckert Seamons Cherin & Mellott, LLC
 747 Pennsylvania Ave, NW
 Twelfth Floor
 Washington, DC  20006

 Wendy West Feinstein, Esq.
 Eckert Seamons Cherin & Mellott, LLC
 600 Grant Street, 44th Floor
 Pittsburgh, PA  15219

                *Tracy Reichman Kalik, Esq.*