IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS LONDON, EACH SEVERALLY SUBSCRIBING TO INSURANCE POLICIES EACH FOR HIS OWN PART AND NOT ONE FOR THE OTHER NUMBERED AE2141B AND VS5057L, *et al.* | Case No. 1:06-cv-00731-GK |
| Plaintiffs, | |
| v. | |
| GREAT SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA a/k/a LIBYA, *et al.* | |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT [DOC. 52]**

Defendants, Great Socialist People's Libyan Arab Jamahiriya, Libyan Internal Security, Libyan External Security, Mu'ammar al-Qadhafi, Abdallah al-Sanusi, and Ibrahaim al-Bishari (the "Libya Defendants"), by undersigned counsel, respectfully file this Opposition to the Plaintiffs' Motion for Leave to File an Amended Complaint (the "Motion to Amend"). The Motion to Amend should be denied because under the National Defense Authorization Act of 2008, Pub. Law No. 110-181, § 1083(c), plaintiffs may not bring their original complaint under new section 28 U.S.C. § 1605A.

The Libya Defendants preserve, and expressly do not waive, any and all immunities, privileges, rights and defenses (including, but not limited to, Constitutional defenses), which may be available to the Libya Defendants in the event plaintiffs' Motion to Amend is granted.

**ARGUMENT**

The Foreign Sovereign Immunities Act of 1976 ("FSIA") (28 U.S.C. §§ 1330, 1602-1611 (2006)) was amended on January 28, 2008 by Section 1083 of the National Defense Authorization Act for Fiscal Year 2008 (the "Defense Act") (H.R. 4986). One portion of that amendment, Section 1083(a), creates a new statutory section of the FSIA, 28 U.S.C. § 1605A.

In Section 1083(c), Congress set forth an exclusive system for determining whether and how 28 U.S.C. § 1605A applies to prior actions already filed under 28 U.S.C. § 1605(a)(7). Under Section 1083(c)(2)(A), certain actions already filed under 28 U.S.C. § 1605(a)(7) may be refiled, but only if the claimants satisfy certain enumerated criteria set forth in Section 1083(c)(2)(A)(i)-(iv), and then only to include claims under 28 U.S.C. § 1605A(c), which provides a private right of action for personal injury or death only. Plaintiffs here do not satisfy the criteria set forth in Section 1083(c)(2)(A)(i)-(iii) because they did not bring any claims under 28 U.S.C. § 1605(a)(7), did not rely upon that section as providing a cause of action, and thus were not adversely affected by the fact that § 1605(a)(7) did not provide a cause of action. Nor are plaintiffs seeking damages (nor can they) under 28 U.S.C. § 1605A(c), because they cannot bring claims for personal injury or death. Furthermore, because Section 1083(c)(2)(A) is the exclusive means for giving "prior actions" effect under 28 U.S.C. § 1605A, plaintiffs may not rely on either Section 1083(c)(3) or Rule 15 to bring their prior action within the scope of 28 U.S.C. § 1605A. Therefore, the Court should deny plaintiffs' Motion to Amend outright.

**I.    Plaintiffs Do Not Satisfy The Criteria Set Forth In Section 1083(c)(2)(A)**

Section 1083(c)(2)(A) provides the basis for refiling existing complaints under the new law. However, the language of Section 1083(c) and the plain meaning of the statute make clear that the provisions of that section do not apply in the present case. *See Af-Cap Inc. v. Chevron*

*Overseas (Congo) Ltd.*, 475 F.3d 1080, 1087-88 (9th Cir. 2007) ("In interpreting the FSIA, we first look to the plain meaning of the language employed by Congress.") (internal quotations and citations omitted); *see also Williams v. Taylor*, 529 U.S. 420, 431 (2000) (stating that words in a statute should have their "ordinary, contemporary, common meaning, absent an indication Congress intended them to bear some different import") (internal quotation and citation omitted).

Section 1083(c) is entitled "Application to Pending Cases" and states in relevant part:

(c) Application to Pending Cases-

(1) IN GENERAL- The amendments made by this section shall apply to any claim arising under section 1605A of title 28, United States Code.

(2) PRIOR ACTIONS-

(A) IN GENERAL- With respect to any action that—

(i) was brought under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208), before the date of the enactment of this Act,

(ii) relied upon either such provision as creating a cause of action,

(iii) has been adversely affected on the grounds that either or both of these provisions fail to create a cause of action against the state, and

(iv) as of such date of enactment, is before the courts in any form, including on appeal or motion under rule 60(b) of the Federal Rules of Civil Procedure, that action, and any judgment in the action shall, on motion made by plaintiffs to the United States district court where the action was initially brought, or judgment in the action was initially entered, be given effect as if the action had originally been filed under section 1605A(c) of title 28, United States Code.

Pub. Law No. 110-181, § 1083(c)(1-2). Section 1083(c)(2)(A), by its express terms, does not apply to plaintiffs' claims.

As plaintiffs concede, plaintiffs' Amended Complaint was brought under 28 U.S.C. § 1605(a)(1), ***not*** 28 U.S.C. § 1605(a)(7). *See* Motion to Amend at 1. Thus, plaintiffs are barred from refiling their action under new 28 U.S.C. § 1605A by the terms of Section 1083(c)(2)(A)(i).

Furthermore, plaintiffs' Amended Complaint did not rely upon 28 U.S.C. § 1605(a)(7) (or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997) as creating a cause of action as required by Section 1083(c)(2)(A)(ii). In both their Complaint and their Amended Complaint, plaintiffs bring causes of action for "common law conversion," common law "intentional and unlawful trespass," and generally "applicable federal common law, state common law, federal statutory law, foreign law, and foreign statutory law" relating to aircraft piracy. At no point do they rely upon 28 U.S.C. § 1605(a)(7) as creating a cause of action. Thus, plaintiffs are barred from bringing an action under new 28 U.S.C. § 1605A by the terms of Section 1083(c)(2)(A)(ii).

Even if plaintiffs' Amended Complaint had been brought under 28 U.S.C. § 1605(a)(7) and relied upon that provision as creating a cause of action, plaintiffs would not have been "adversely affected" by the fact that 28 U.S.C. § 1605(a)(7) failed to create a cause of action because they could not have stated a claim for relief under 28 U.S.C. § 1605(a)(7). 28 U.S.C. § 1605(a)(7) only applied to damages sought for "personal injury or death." None of plaintiffs' claims seek damages for personal injury or death.

Moreover, 28 U.S.C. § 1605(a)(7) precludes claims where "neither the claimant nor the victim was a national of the United States (as that term is defined in section 101(a)(22) of the Immigration and Nationality Act) when the act upon which the claim is based occurred." 28 U.S.C. § 1605(a)(7)(B)(ii). Section 101(a)(22) of the Immigration and Nationality Act defines a "national" as "(A) a citizen of the United States, or (B) a person who, though not a citizen of the

4

United States, owes permanent allegiance to the United States." Given the context of immigration, it is clear that the Immigration and Nationality Act refers to "citizen" and "person" to mean individuals, not corporate entities. Plaintiffs here plainly are not individuals. Nor do they allege that either they or EgyptAir are "natural" citizens of the United States or persons who owe permanent allegiance to the United States. Thus, plaintiffs are barred from bringing their action within new 28 U.S.C. § 1605A by the terms of Section 1083(c)(2)(A)(iii).

Finally, even if plaintiffs were deemed to have satisfied the criteria set forth in Section 1083(c)(2)(A), their action would only "be given effect as if it had originally been filed under section 1605A(c) of title 28, United States Code." § 1083(c)(2)(A). By its terms, 28 U.S.C. § 1605A(c) only applies to actions "for personal injury or death." Plaintiffs are not bringing an action for "personal injury or death" (nor can they); therefore, they may not amend their complaint pursuant to Section 1083(c)(2)(A).

## II. Section 1083(c)(2)(A) Provides The Exclusive Means For Bringing "Prior Actions" Within § 1605A

Plaintiffs attempt to avoid the requirements of Section 1083(c)(2)(A) by requesting leave to amend their complaint under Section 1083(c)(3). *See* Pls.' Mot. to Amend at 4-5. Section 1083(c)(3) provides as follows:

> (3) RELATED ACTIONS- If an action arising out of an act or incident has been timely commenced under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208), any other action arising out of the same act or incident may be brought under section 1605A of title 28, United States Code, if the action is commenced not later than the latter of 60 days after—
>
> (A) the date of the entry of judgment in the original action; or
>
> (B) the date of the enactment of this Act.

Nothing in the language of Section 1083(c)(3) provides for amendments to prior complaints. As noted above, Section 1083(c) governs the application of new § 1605A to "pending cases." The only part of Section 1083(c) that applies to "prior actions" is Section 1083(c)(2)(A), which (as discussed above) does not apply to plaintiffs' claims. If Congress wanted to allow claimants to bring their prior actions within new § 1605A pursuant to Section 1083(c)(3), as plaintiffs attempt to do here, Congress would have used the same permissive language in Section 1083(c)(3) that it used immediately above in Section 1083(c)(2)(A). *See Schumann v. C.I.R.*, 857 F.2d 808, 811 (D.C. Cir. 1988) (stating that "under the maxim *expression unius exclusion alterius*, Congress' specific enumeration of certain exceptions indicates that no other exceptions were intended") (citation omitted). Since Section 1083(c)(3) does not permit amendments in prior actions, plaintiffs' reliance on that provision for purposes of their proposed amendment is misplaced.

Furthermore, if Section 1083(c)(3) could be used to amend complaints, it would render Section 1083(c)(2)(A) a nullity, as any plaintiff asserting claims under § 1605(a)(7) (e.g., state law claims) could then amend their complaint under Section 1083(c)(3) to bring another action under 1605A(c) regardless of whether such plaintiff satisfied the express statutory criteria of Section 1083(c)(2)(A). Section 1083(c)(3) cannot be interpreted to effectively eliminate the express statutory requirements of Section 1083(c)(2)(A). *See Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 562 (1990) ("Our cases express a deep reluctance to interpret a statutory provision so as to render superfluous other provisions in the same enactment.") (citation omitted); *United States ex rel. Totten v. Bombadier Corp.*, 380 F.3d 488 (D.C. Cir. 2004) (Roberts, J.) (interpreting one part of a statute to not allow presentment when another part allowed presentment, but only under limited circumstances: "The dissent's reading

6

of (a)(2) would make the presentment requirement in (a)(1), which the dissent does not challenge head-on, largely meaningless."); *Nat'l Ass'n of Mfrs. v. Dept. of Interior*, 134 F.3d 1095, 1107 (D.C. Cir. 1998) ("[A]n interpretation, which essentially deprives one provision of its meaning and effect so that another provision can be read as broadly as its language will permit, is inconsistent with the Congress's intent.") (citations omitted).

For the same reason, plaintiffs may not rely upon Rule 15(a) as giving them a right to amend their complaint to include claims under 28 U.S.C. § 1605A. *See* Pls.' Mot. to Amend at 7. Permitting such an amendment would likewise render the requirements of Section 1083(c)(2)(A) a nullity. Obviously, the intent of Congress was to limit the class of prior actions for which 28 U.S.C. § 1605A may apply. In addition, if Rule 15(a) (or Section 1083(c)(3)) were found to permit amendment to a complaint for 28 U.S.C. § 1605A(d) (but not for § 1605A(c)), it would have the unreasonable result of giving more rights to supplemental claimants for incidental property and insurance losses, than it would for the wrongful death and personal injury claimants themselves, by making it easier for the supplemental claimants to amend their claims. Congress clearly did not intend such a result. *See Church of the Holy Trinity v. United States*, 143 U.S. 457, 459 (1892) ("[F]requently words of general meaning are used in a statute, words broad enough to include an act in question, and yet a consideration of the whole legislation, or of the circumstances surrounding its enactment, or of the absurd results which follow from giving such broad meaning to the words, makes it unreasonable to believe that the legislator intended to include the particular act.").

\*   \*   \*

In sum, plaintiffs Motion to Amend should be denied because Plaintiffs do not satisfy the criteria set forth in Section 1083(c)(2)(A), which is the exclusive means in the statute for

bringing "prior actions" within 28 U.S.C. § 1605A. Specifically, (i) Plaintiffs brought their claims under 28 U.S.C. § 1605(a)(1), not 28 U.S.C. § 1605(a)(7); (ii) Plaintiffs never relied upon 28 U.S.C. § 1605(a)(7) as providing a cause of action; and (iii) even if § 1605(a)(7) had provided a cause of action, and plaintiffs had relied upon that provision, plaintiffs still would not be entitled to relief under that provision, because, as insurers, they could not claim relief for personal injury or death as required by § 1605(a)(7), and they are not "U.S. nationals" within the meaning of § 1605(a)(7). Further, plaintiffs' reliance on Section 1083(C)(3) for purposes of their amendment is misplaced, as that provision applies to "related actions," not prior actions, such as this one, and Section 1083(C)(3) does not provide for amendments to complaints, but rather for new actions. Finally, an amendment under Rule 15(a) is not permitted because plaintiffs' original complaint cannot be given effect as filed under § 1605A, and allowing such amendment would render Section 1083(c)(2)(A) a nullity and thus amendment under Rule 15 would be futile.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion for Leave to File an Amended Complaint should be denied.

                Respectfully, Submitted,

                **ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By:     *Thomas J. Whalen*
      Thomas J. Whalen, Esq. (Bar No. 208512)
      Mark A. Johnston, Esq. (Bar No. 455764)
      1747 Pennsylvania Ave., N.W.,
      Twelfth Floor
      Washington, D.C. 20006
      (202) 659-6600
      twhalen@eckertseamans.com
      mjohnston@eckertseamans.com

      Wendy West Feinstein, Esq. (Pa ID No. 86698)
      *Admitted Pro Hac Vice*
      600 Grant Street
      44th Floor
      Pittsburgh, PA  15219
      (412) 566-6000
      wfeinstein@eckertseamans.com

      Counsel for Defendants, Great Socialist People's Libyan Arab Jamahiriya, Libyan Internal Security, Libyan External Security, Mu'Ammar Al-Qadhafi, Abdallah Al-Sanusi, and Ibrahim Al-Bishari

Dated:  March 24, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **Opposition to Plaintiffs' Motion for Leave to File an Amended Complaint** was electronically filed and served, this 24th day of March, 2008, to:

>Richard D. Heideman
>Noel J. Nudelman
>Tracy Reichman Kalik
>Heideman Nudelman & Kalik, P.C.
>1146 19th Street, NW
>5th Floor
>Washington, DC 20036
>
>Steven R. Perles
>PERLES LAW FIRM, P.C.
>1146 19th Street, NW
>5th Floor
>Washington, DC 20036

*Thomas J. Whalen*
Thomas J. Whalen
