IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS LONDON, EACH SEVERALLY SUBSCRIBING TO INSURANCE POLICIES EACH FOR HIS OWN PART AND NOT ONE FOR THE OTHER NUMBERED AE2141B AND VS5057L, *et al.* | ) ) ) Case No. 1:06-cv-00731-GK ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| GREAT SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA a/k/a LIBYA, *et al.* | ) ) ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR RECONSIDERATION OF
COURT'S JULY 9, 2007 ORDER [DOC. 51]**

Defendants, Great Socialist People's Libyan Arab Jamahiriya, Libyan Internal Security, Libyan External Security, Mu'ammar al-Qadhafi, Abdallah al-Sanusi, and Ibrahaim al-Bishari (the "Libya Defendants"), by undersigned counsel, respectfully file this Opposition to the Plaintiffs' Motion for Reconsideration [Doc. 51] ("Motion for Reconsideration"). Plaintiffs' motion should be denied because Plaintiffs' original Complaint cannot be given effect under 28 U.S.C. § 1605A, as demonstrated in the Libya Defendants' Opposition to Plaintiffs' Motion to Amend. Thus, even with the enactment of 28 USC § 1605A, plaintiffs' claims are still fatally flawed and this Court lacks jurisdiction. Further, plaintiffs lack standing to raise a claim under § 1605A because neither they nor EgyptAir are nationals of the United States as that term is defined in the statute. Consequently, the Motion for Reconsideration should be denied because

the newly-enacted law does not change the result reached by this Court in its order of July 9, 2007.

The Libya Defendants preserve, and expressly do not waive, any and all immunities, privileges, rights and defenses (including, but not limited to, Constitutional defenses), which may be available to the Libya Defendants in the event plaintiffs' Motion to Amend is granted.

## ARGUMENT

I.  **A Motion For Reconsideration Should Be Denied Because Plaintiffs' Original Complaint Cannot Be Given Effect Under 28 U.S.C. § 1605A**

As the Libya Defendants' Opposition to plaintiffs' Motion to Amend establishes, plaintiffs may not amend their claims to bring an action under 28 U.S.C. § 1605A in this case. The Libya Defendants hereby expressly incorporate all of their arguments from their Opposition to plaintiffs' Motion to Amend.

In brief, Section 1083(c)(2)(A) of the National Defense Authorization Act for Fiscal Year 2008 (the "Defense Act") (H.R. 4986) provides the sole basis for refiling existing complaints under the new law. However, the language of Section 1083(c) and the plain meaning of the statute make clear that the provisions of that section do not apply in the present case. *See Af-Cap Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1087-88 (9th Cir. 2007) ("In interpreting the FSIA, we first look to the plain meaning of the language employed by Congress.") (internal quotations and citations omitted); *see also Williams v. Taylor*, 529 U.S. 420, 431 (2000) (stating that words in a statute should have their "ordinary, contemporary, common meaning, absent an indication Congress intended them to bear some different import") (internal quotation and citation omitted).

Section 1083(c) is entitled "Application to Pending Cases" and states in relevant part:

(2) PRIOR ACTIONS-

(A) IN GENERAL- With respect to any action that—

(i) *was brought under section 1605(a)(7) of title 28, United States Code*, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208), before the date of the enactment of this Act .

(ii) relied upon either such provision as creating a cause of action,

(iii) has been adversely affected on the grounds that either or both of these provisions fail to create a cause of action against the state, and

. . .

that action, and any judgment in the action shall, on motion made by plaintiffs to the United States district court where the action was initially brought, or judgment in the action was initially entered, be given effect as if the action had originally been filed under section 1605A(c) of title 28, United States Code.

By its express language, the "prior action" provision does not apply to plaintiffs' claims. Among other reasons, plaintiffs' Amended Complaint was brought pursuant to Section 1605(a)(1), *not* Section 1605(a)(7), as required under Section 1083(c)(2)(A)(i). In addition, Plaintiffs never relied upon 28 U.S.C. § 1605(a)(7) as providing a cause of action, as required under Section 1083(c)(2)(A)(ii). Even if § 1605(a)(7) had provided a cause of action, and plaintiffs had relied upon that provision, plaintiffs still would not be able to state a claim for relief under that provision, because, as insurers, they could not claim relief for personal injury or death as required by § 1605(a)(7), and they are not "U.S. nationals" within the meaning of § 1605(a)(7). Thus, plaintiffs were not "adversely affected" by the fact that § 1605(a)(7) did not provide a cause of action, as required under Section 1083(c)(2)(A)(iii).

In short, plaintiffs' original complaint cannot be refiled under 28 U.S.C. § 1605A, and plaintiffs' claims still fall under 28 U.S.C. § 1605(a)(7). The new amendments contained in

3

Section 1083 thus do not apply to plaintiffs' claims here, and plaintiffs lack subject matter jurisdiction for the reasons explained in the Court's July 7, 2007 Memorandum Opinion.

**II.     Plaintiffs Lack Standing Because Neither Claimants Nor EgyptAir Are Nationals Of The United States Within The Meaning Of The Statute**

Under 28 U.S.C. § 1605A(2)(A)(ii), a claimant has standing only if:

"(ii)   the claimant or the victim was, at the time the act described in paragraph (1) occurred--

   (I)     a national of the United States;

   (II)    a member of the armed forces; or

   (III)   otherwise an employee of the Government . . . ."

When evaluating the FSIA, normal rules of statutory construction apply and an interpretation of a statute should not be strained. *See Dole Food Co. v. Gerardo Dennis Patrickson*, 538 U.S. 468, 476-477 (2003). This is especially important when the issue is jurisdiction. It is settled "that the subject matter jurisdiction of the lower federal courts is determined by Congress in the exact degrees and character which Congress may deem proper for the public good." *Amerada Hess*, 488 U.S. at 433 (internal quotations and citations omitted). Thus, the FSIA only has the jurisdictional reach provided by Congress.

"In interpreting the FSIA, we first look to the plain meaning of the language employed by Congress." *Af-Cap Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1087-88 (9th Cir. 2007) (internal quotations and citations omitted). Words in a statute should have their "ordinary contemporary common meaning unless an indication of Congress intended them to bear some different import." *Williams v. Taylor*, 529 U.S. 420, 431 (2000) (internal quotation and citation omitted). The plain language used by Congress in § 1605A demonstrates that it does not apply to these plaintiffs.

4

Section 1605A defines "national of the United States" by referring to section 101(a)(22) of the Immigration and Nationality Act, which defines national of the United States as follows: "the term 'national of the United States' means (A) a citizen of the United States, or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States." 8 USC 1101(a)(22). Given the immigration context, this language plainly refers to an individual, not a corporate entity. Neither the claimants in this case, nor the victim, EgyptAir, are individuals. Nor do plaintiffs here allege that they are citizens of the United States or persons who owe permanent allegiance to the United States.

In short, the plain language of the statute prohibits plaintiffs' claims against the Libya Defendants. The newly enacted statute does not alter the Dismissal Order and does not mandate reconsideration.

Further, even if some of the plaintiffs were deemed to be "nationals of the United States," it is not disputed that EgyptAir is not a United States national. It is well settled that an insurer steps into the shoes of the insured. *See Link Aviation, Inc. v. Downs*, 325 F.2d 613 (D.C. Cir. 1963) ("It is undisputed that when an insurer has paid the full amount of a loss suffered by the insured, the insurer becomes subrogated to the full extent of the insured's claim against the one primarily liable for the loss, and that in any suit to enforce the claim the insurer is the only real party in interest."). Because EgyptAir, as both the victim and the subrogee claimant, could not bring a claim under § 1605A, EgyptAir's insurers cannot avail themselves of the law to collect for the subrogated loss.

\*    \*    \*

In sum, plaintiffs' Motion to Reconsider should be denied because 28 U.S.C. § 1605A does not salvage the plaintiffs' previously dismissed complaint. Plaintiffs do not satisfy the

criteria set forth in Section 1083(c)(2)(A), which is the exclusive means in the statute for bringing "prior actions" within 28 U.S.C. § 1605A.  Specifically, (i) Plaintiffs brought their claims under 28 U.S.C. § 1605(a)(1), not 28 U.S.C. § 1605(a)(7); (ii) Plaintiffs never relied upon 28 U.S.C. § 1605(a)(7) as providing a cause of action; and (iii) even if plaintiffs had relied upon § 1605(a)(7) as providing a cause of action, plaintiffs were not "adversely affected" by the fact that § 1605(a)(7) did not provide a cause of action because, as insurers, they could not claim relief for personal injury or death as required by § 1605(a)(7), and they are not "U.S. nationals" within the meaning of § 1605(a)(7).  Because plaintiffs' original complaint cannot be brought under § 1605A, the Court still lacks subject-matter jurisdiction and the request for reconsideration should be denied.

**CONCLUSION**

For the foregoing reasons, plaintiffs' Motion for Reconsideration should be denied.

                    Respectfully, Submitted,

                    **ECKERT SEAMANS CHERIN**
                       **& MELLOTT, LLC**

By:     *Thomas J. Whalen*
        Thomas J. Whalen, Esq. (Bar No. 208512)
        Mark A. Johnston, Esq. (Bar No. 455764)
        1747 Pennsylvania Ave., N.W.,
        Twelfth Floor
        Washington, D.C. 20006
        (202) 659-6600
        twhalen@eckertseamans.com
        mjohnston@eckertseamans.com

        Wendy West Feinstein, Esq. (Pa ID No. 86698)
        *Admitted Pro Hac Vice*
        600 Grant Street
        44th Floor
        Pittsburgh, PA  15219
        (412) 566-6000
        wfeinstein@eckertseamans.com

        Counsel for Defendants, Great Socialist People's
          Libyan Arab Jamahiriya, Libyan Internal
          Security, Libyan External Security, Mu'Ammar
          Al-Qadhafi, Abdallah Al-Sanusi, and Ibrahim
          Al-Bishari

Dated:  March 24, 2008

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a copy of the foregoing **Opposition to Plaintiffs' Motion for Reconsideration of Court's July 9, 2007 Order** was electronically filed and served, this 24th day of March, 2008, to:

    Richard D. Heideman
    Noel J. Nudelman
    Tracy Reichman Kalik
    Heideman Nudelman & Kalik, P.C.
    1146 19th Street, NW
    5th Floor
    Washington, DC 20036

    Steven R. Perles
    PERLES LAW FIRM, P.C.
    1146 19th Street, NW
    5th Floor
    Washington, DC 20036

        *Thomas J. Whalen*
        Thomas J. Whalen