UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Certain Underwriters at Lloyds London, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 06-00731 (GK) |
| Great Socialist People's Libyan Arab Jamahiriya, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Defendants argue in their Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint that the Defense Authorization Act for Fiscal Year 2008 ("Defense Authorization Act") does not provide the statutory authorization to allow Plaintiffs to amend their Complaint. The Defense Authorization Act under § 1083(c)(3) however specifically authorizes Plaintiffs to file an amended complaint utilizing 28 U.S.C. § 1605A in this action.[1]

§ 1083(c) of the Defense Authorization Act actually provides instructions detailing how the new law must be applied to pending cases in a limited set of circumstances, including its application to cases described in (c)(2)(A) and its application to cases that have been dismissed in circumstances described in (c)(3). While § 1083(c)(2)(A) does not expressly describe the circumstances of this case that allow

---

[1] Despite the applicability of § 1083(c) to Plaintiffs' current Complaint, they filed a new action on March 24, 2008, *Certain Underwriters v. Great Socialist People's Libyan Arab Jamahiriya*, CA 08-504 (GK), to fully assure the vindication of their rights under the Defense Authorization Act.

1

Plaintiffs to refile under the new law, as Defendants point out, § 1083(c)(3) does clearly describe Plaintiffs' circumstances.[2]

Specifically Pub. Law. No. 110-181, Sec. 1083(c)(3) provides in pending cases that:

> 3. RELATED ACTIONS- if an action arising out of an act or incident has been timely commenced under section 1605(a)(7) of title 28, United States Code or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208), any other action arising out of the same act or incident may be brought under section 1605A of title 28, United States Code, if the action is commenced not the later of 60 days after—
> (A) date of the entry of judgment in the original action; or
> (B) the date of enactment of this Act

This cause of action arises out of the same act or incident that is the subject of *Baker v. Socialist Peoples' Libyan Arab Jamahirya*, Civ. No. 03-cv-0749 (GK)(D.D.C.), which was timely commenced under the old 28 U.S.C. § 1605(a)(7). Accordingly, pursuant to Sec. 1083(c)(3), Plaintiffs may file a related action under the new statute, 28 U.S.C. 1605A, at any time before March 28, 2008. Furthermore, the *Baker* plaintiffs have recently filed a new action in this Court under 28 U.S.C. § 1605A(c) against the same defendants from *Baker* and as are found in this related case. *Pflug v. Great Socialist People's Libyan Arab Jamahiriya*, CA 08-505 (GK) (D.D.C. filed March 26, 2008).

---

[2] On February 27, 2008, in the matter of *Gates v. Syrian Arab Republic,* 06-cv-1500 (D.D.C.), Judge Rosemary Collyer held that the plaintiffs in that matter, who filed a motion requesting permission to proceed under the Defense Authorization Act, could proceed under 28 U.S.C. § 1605A. See *Gates* Order attached as Exhibit 1. Furthermore, two decisions recently issued that allowed those plaintiffs who were formerly proceeding under 28 U.S.C. § 1605(a)(7) to proceed under an amended complaint based upon 28 U.S.C. § 1605A. *Clay v. Great Socialist People's Libyan Arab Jamahiriya*, CA 06-707, docket no. 32 (RWR) (March 3, 2008); *Harris v. Great Socialist People's Libyan Arab Jamahiriya*, CA 06-732, docket no. 32 (RWR) (March 3, 2008). Those decisions were based upon those plaintiffs' right to amend once as a matter of right under Fed. R. Civ. P. 15(a)(1) as a responsive pleading had not yet been filed.

Plaintiffs believe, and have pled to the court, that they are entitled, and should be granted leave, to amend their Complaint as it is now unequivocally clear that Plaintiffs may pursue their claims against Defendants, as there was pending in *Baker*, and is pending now in *Pflug,* a claim brought by the United States nationals who were victims of the Egypt Air hijacking on November 23, 1985 for the personal injuries and death caused by these defendants. That case was originally filed pursuant to 28 U.S.C. § 1605(a)(7) (*Baker v. Socialist Peoples' Libyan Arab Jamahirya*, Civ. No. 03-cv-0749 (GK)(D.D.C.)) thereby entitling the Plaintiffs in this action are now entitled, as the property insurers of the aircraft that was hijacked, sabotaged and destroyed by these defendants participation and material support of this terrorist attack, these Plaintiffs may now bring this private right of action for this reasonably foreseeable property loss.

Further, Plaintiffs should be allowed to amend their Complaint to reflect the change in the controlling law.  A party may amend its pleadings with the consent of opposing counsel or "when justice so requires."  Fed. R. Civ. P. 15(a).  This standard is fulfilled when the amendment is based upon a change in law.  *See e.g., Pittston Co. v. United States*, 199 F.3d 694, 705 (4th Cir. 1999).

> Rule 15 (a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), paras. 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  None of the above-mentioned factors, which support a denial of a request to amend through Fed. R. Civ. P. 15(a), exist in this case. Accordingly, the interests of justice and applicable law mandate that Plaintiffs should be allowed to amend their complaint so that they may re-file their claims under 28 U.S.C. § 1605A(c), to reflect the changes in controlling law.

Plaintiffs further submit that judicial economy will best be served if the related action is "brought under 1605A" through the filing of a Second Amended Complaint. However, to remain in compliance with the new law, and to insure Plaintiffs rights to proceed under 28 U.S.C. § 1605A(d), Plaintiffs have initiated in this Court a new civil action, *Certain Underwriters at Lloyds London  v. Great Socialist People's Libyan Arab Jamahiriya,* Civ. No. 08-504 (GK), related to both *Baker* and *Pflug*.  (D.D.C. filed March 24, 2008)).

## CONCLUSION

For the reasons set forth above and for those set out in Plaintiffs' Motion for Leave to file a Second Amended Complaint, the Plaintiffs request that this Court enter an Order which grants the Plaintiffs' motion that that pursuant Pub. Law No. 110-181, Sec. 1083(c)(3), Plaintiffs are granted leave to file the Second Amended Complaint to reflect that this matter has been (i) refiled under 28 U.S.C.§ 1605A(d), and to permit the Plaintiffs to assert causes of action under this new statute, which is directly applicable to the instant action..

March 27, 2008                          Respectfully Submitted,

                                          HEIDEMAN NUDELMAN & KALIK, PC
                                          1146 19th Street NW, Fifth Floor
                                          Washington, DC 2008
                                          Telephone: 202.463.1818

      Facsimile: 202.463.2999

      By: _/s/Richard D. Heideman_____

      _/s/ Tracy Reichman Kalik_____
      Richard D. Heideman (No. 377462)
      Noel J. Nudelman (No. 449969)
      Tracy Reichman Kalik (No. 462055)


/s/ *Steven R. Perles*_____
Steven R. Perles (No. 326975)
Edward MacAllister   (No. 494558)
THE PERLES LAW FIRM, PC
1146 19th Street, NW, 5th Floor
Washington, DC 20036
Telephone: 202-955-9055
Telefax:    202-955-3806

Counsel for Plaintiffs

5