UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Certain Underwriters at Lloyds London, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   Civil Action No. 06-00731 (GK) |
| Great Socialist People's Libyan Arab Jamahiriya, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION OF COURT'S JULY 10, 2006 ORDER**

On the basis of a "controlling or significant change in the law", on February 22, 2008 Plaintiffs moved the Court pursuant to Fed. R. Civ. P. 54(b) to reconsider and vacate its Order of July 9, 2007, an interlocutory decision, that dismissed the Plaintiffs' claims against the Libyan Defendants only for failing to state a claim that could be brought on the Foreign Sovereign Immunites Act ("FSIA"), 28 U.S.C. § 1602 *et seq.*. Plaintiffs based their argument upon the National Defense Authorization Act for Fiscal Year 2008.  Pub. L. No. 110-181, § 1083, 122 Stat. 3, 338-344 (2008), ("Defense Authorization Act").  Defendants oppose this Motion by arguing the Plaintiffs' claims are flawed because they are not US nationals and that § 1083(c) of the Defense Authorization Act does not apply to this case.  (Opp. Mot. Reconsideration at 1).

28 U.S.C. § 1605A does not require all claimants who press claims under 28 U.S.C. § 1605A to be US nationals.  Moreover, this argument is not appropriately raised at this stage and is only suitable in a motion to dismiss to challenge subject matter

jurisdiction.  In addition § 1083(c) of the Defense Authorization Act does indeed apply to this case and allows Plaintiffs to file an amended complaint.[1]

### I.   PLAINTIFFS HAVE STANDING UNDER 28 U.S.C. § 1605A

While this argument is only appropriately raised and considered at a motion to dismiss stage:  it is clear that the scope of potential plaintiffs in a lawsuit brought under 28 U.S.C. § 1605A now includes non-US nationals.  The newly-enacted statute specifically provides, that the Court "*shall* hear a claim under this section", 28 U.S.C. § 1605A(a)(2), if the "claimant *or victim* was, at the time" a US national, 28 U.S.C. § 1605A(a)(2)(A)(ii)(I), and an action may be brought for the "*reasonably foreseeable property loss*" that occurred in a state-sponsored terrorist attack for which a  28 U.S.C. § 1605A(c) action has been brought.  28 U.S.C. § 1605(A)(d) (emphasis added).  Each and all of these statutory prerequisites have been satisfied in this case.

The adoption of the new legislation, and the applicable change in this law fully justifies the Court's reconsideration of its July 10, 2007 Order

This action was originally brought under 28 U.S.C. § 1605(a)(1), on April 21, 2006 by the Plaintiffs.  This case stems from, and is related to two actions pending in this Court[2] which arise out of the November 23, 1985 terrorist hijacking of Egypt Air Flight No. 648 by the Abu Nidal Organization terrorist organization acting with the material support of and at the direction of the Libyan Defendants, which caused Egypt Air Flight No. 648's destruction beyond repair, and the deaths and injuries of American citizens and

---

[1] Despite the applicability of § 1083(c) to Plaintiffs' current Complaint, they filed a new action on March 24, 2008, *Certain Underwriters v. Great Socialist People's Libyan Arab Jamahiriya*, CA 08-504 (GK), to fully assure the vindication of their rights under the Defense Authorization Act.

[2] *Certain Underwriters* arises out of the same act or incident that is the subject of *Baker v. Socialist Peoples' Libyan Arab Jamahirya*, Civ. No. 03-cv-0749 (GK)(D.D.C.) and *Pflug v. Great Socialist People's Libyan Arab Jamahiriya*, CA 08-505 (GK) (D.D.C. filed March 24, 2008).

others who were victims of these acts of terrorism. The US victims of that attack have sued, and have actions pending in this court, against the responsible sovereign Libyan and Syrian defendants, which are the same defendants as in this case, under 28 U.S.C. § 1605A(c) for the personal injuries and deaths suffered as a result of the hijacking. Thus, this action, for "reasonably foreseeable property loss", was brought after a corresponding action was brought under "subsection (c)" as required by 28 U.S.C. § 1605(A)(d). As this argument deals with the subject matter jurisdiction of the Court, however, it is only appropriately raised and considered at a motion to dismiss stage and so should not be considered in the context of a motion to reconsider the Court's July 10, Order or a motion for leave to amend the complaint.

**II.    § 1083(c) ALLOWS PLAINTIFFS TO FILE A MOTION TO AMEND THEIR CLAIMS UNDER THE NEW LAW**

Defendants incorrectly assert that Plaintiffs do not meet the requisite statutory criteria for filing a motion under § 1083(c)(2)(A). (Opp. Mot. Reconsider at 2). This argument is also out-of-context in Defendants' Opposition to the Motion to Reconsider and is completely repetitive of Defendants' arguments made in its Opposition to Plaintiffs' Motion for Leave to file a Second Amended Complaint. Plaintiffs therefore adopt any and all of their arguments in their Motion for Leave to File Second Amended Complaint and in their Reply to Defendants' Opposition to the Motion for Leave to File a Second Amended Complaint, filed contemporaneously with this Reply.

### CONCLUSION

On the basis of a "controlling or significant change in the law", Plaintiffs respectfully request the Court reconsider and vacate its Order of July 10, 2007, an interlocutory decision, that dismissed the Plaintiffs' claims, thereby permitting the

Plaintiffs to seek justice in accordance with current applicable law as applied to the instant action.

Dated:  March 27, 2007						Respectfully Submitted,

							HEIDEMAN NUDELMAN & KALIK, P.C.
							1146 19th Street, NW, 5th Floor
							Washington, DC 20036
							Telephone:  202-463-1818
							Telefax:     202-463-2999

							By:_____/s/ Richard D. Heideman_____
							       _/s/ Tracy Reichman Kalik_____
							   Richard D. Heideman (No. 377462)
							   Noel J. Nudelman (No. 449969)
							   Tracy Reichman Kalik (No. 462055)

							_____/s/ Steven R. Perles_____

							Steven R. Perles (No. 326975)
							Edward MacAllister (No. 494558)
							PERLES LAW FIRM, PC
							1146 19th Street, NW, 5th Floor
							Washington, DC 20036
							Telephone: 202-955-9055
							Telefax:     202-955-3806