IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT ) <br> LLOYDS LONDON, EACH SEVERALLY ) <br> SUBSCRIBING TO INSURANCE ) <br> POLICIES EACH FOR HIS OWN PART ) <br> AND NOT ONE FOR THE OTHER ) <br> NUMBERED AE2141B AND VS5057L, ) <br> *et al.* ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> GREAT SOCIALIST PEOPLE'S LIBYAN ) <br> ARAB JAMAHIRIYA a/k/a LIBYA, *et al.* ) <br> ) <br> Defendants. ) | Case No. 1:06-cv-00731-GK |

**DEFENDANTS' MOTION FOR LEAVE TO FILE SURREPLY**

Defendants, Great Socialist People's Libyan Arab Jamahiriya, Libyan Internal Security, Libyan External Security, Mu'ammar al-Qadhafi, Abdallah al-Sanusi, and Ibrahaim al-Bishari (the "Libya Defendants"), by undersigned counsel, and pursuant to Local Civil Rule 7, hereby move for leave of Court to file by Monday, March 31, 2008 separate Surreplies to: a) plaintiffs' Reply to defendants' Opposition to Plaintiffs' Motion for Leave to File an Amended Complaint; and b) plaintiffs' Reply to defendants' Opposition to plaintiffs' Motion for Reconsideration of Court's July 9, 2007 Order, and in support thereof state as follows:

1.     On February 22, 2008, plaintiffs filed with this Court a Motion for Reconsideration of Court's July 9, 2007 Order dismissing with prejudice all claims against the Libya defendants, as well as a Motion for Leave to File an Amended Complaint.

2.On March 24, 2008, defendants filed separate Oppositions to plaintiffs' Motion for Reconsideration of Court's July 9, 2007 Order and Motion for Leave to File an Amended Complaint.

3.On March 27, 2008, plaintiffs filed separate Replies to each of defendants' Oppositions, respectively.

4.The plaintiffs in their Reply claim that § 1083(c) specifically authorizes plaintiffs to file an amended complaint under § 1605A. However, § 1605A(a)(2)(ii) requires that the claimant or victim be a U.S. national. Plaintiffs appear to argue for the first time that § 1083(c) trumps § 1605A, and are now relying solely on § 1083(c)(3), albeit the action in question was not commenced under § 1605(a)(7). Plaintiffs' ability to amend is in fact contingent on the plain reading of § 1083(c)(3) and § 1605A(a)(2)(ii). In addition, the notion that defendants' arguments should be dealt with under a motion to dismiss, not in a motion to amend, needs to be refuted. Defendants need to address these new argument in a surreply.

5.A surreply may be filed by leave of Court to address new matters raised in a reply. *See Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 112 (D.D.C. 2002). "If the movant raises arguments for the first time in his reply to the non-movant's opposition, the court will either ignore those arguments in resolving the motion or provide the non-movant an opportunity to respond to those arguments by granting leave to file a sur-reply." *Flynn v. Veazey Construction Corp.*, 310 F.Supp.2d 186, 189 (D.D.C. 2004) (citations omitted); see also *Herbert v. Nat'l Acad. Of Scis.*, 974 F.2d 192, 195 (D.C. Cir. 1992) ("To consider an argument discussed for the first time in reply would be manifestly unfair to the appellee who, under our rules, has no opportunity for a written response.").

6.     Defendants will be unduly prejudiced if not permitted to respond to plaintiffs' new arguments raised in their Replies. Defendants should be afforded the opportunity to respond to the new arguments raised in plaintiffs' Replies for the first time.

7.     Undersigned counsel certifies that in accordance with Local Rule LCvR 7(m), he has consulted with plaintiffs' counsel regarding this motion and that plaintiffs oppose the relief requested herein.

WHEREFORE, defendants request that the Court grant their Motion for Leave to File Surreply and order that defendants shall have until March 31, 2008 to file: a) a Surreply to plaintiffs' Reply to defendants' Opposition to Plaintiffs' Motion for Leave to File an Amended Complaint, and b) a Surrpely to plaintiffs' Reply to defendants' Opposition to plaintiffs' Motion for Reconsideration of Court's July 9, 2007.

Respectfully, Submitted,

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By: _*Thomas J. Whalen*_
Thomas J. Whalen, Esq. (Bar No. 208512)
Mark A. Johnston, Esq. (Bar No. 455764)
1747 Pennsylvania Ave., N.W.,
Twelfth Floor
Washington, D.C. 20006
(202) 659-6600
twhalen@eckertseamans.com
mjohnston@eckertseamans.com

Wendy West Feinstein, Esq. (Pa ID No. 86698)
*Admitted Pro Hac Vice*
600 Grant Street
44th Floor
Pittsburgh, PA 15219
(412) 566-6000
wfeinstein@eckertseamans.com

Counsel for Defendants, Great Socialist People's Libyan Arab Jamahiriya, Libyan Internal Security, Libyan External Security, Mu'Ammar Al-Qadhafi, Abdallah Al-Sanusi, and Ibrahim Al-Bishari

Dated: March 27, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **Motion for Leave to File Surreply** was electronically filed and served, this 27th day of March, 2008, to:

>Richard D. Heideman
>Noel J. Nudelman
>Tracy Reichman Kalik
>Heideman Nudelman & Kalik, P.C.
>1146 19th Street, NW
>5th Floor
>Washington, DC 20036
>
>Steven R. Perles
>PERLES LAW FIRM, P.C.
>1146 19th Street, NW
>5th Floor
>Washington, DC 20036

>            *Thomas J. Whalen*
>            Thomas J. Whalen