UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                          )
Certain Underwriters at Lloyds              )
London, *et al.*,                                     )
                                                          )
                         Plaintiffs,             )
                                                          )
          v.                                             )   Civil Action No. 06-00731 (GK)
                                                          )
Great Socialist People's Libyan         )
Arab Jamahiriya, *et al.*,                    )
                                                          )
                         Defendants.         )
_____)

## OPPOSITION TO DEFENDANTS' EXPEDITED MOTION FOR AN EXTENSION OF TIME

It has been our custom for the last three decades to never oppose a request of opposing counsel for a reasonable accommodation, such as a reasonable request for an extension of time. However, when presented with the request that counsel for the Libyan Defendants have presented here, a request for an unspecified amount of additional time *beyond* the April 24, 2008 status conference to answer the complaint, Plaintiffs must strenuously object. Unfortunately, the request for an extension in this case is part-and-parcel of a global strategy to delay Plaintiffs' case while Libya pursues a political strategy aimed at closing the courthouse doors to Plaintiffs, which Libya is pursuing in the complete series of cases resulting from Libya's campaign of terrorism conducted against US citizens in the 1980s, which resulted in the number of cases pending before the honorable judges of this Court. Libya does not need additional time to analyze the applicability of the Defense Authorization Act for Fiscal year 2008 to this case. Libya

and the numerous law firms and lawyers in its employ has had since January 28, 2008 to analyze the amendments to 28 U.S.C. § 1605.

Counsel for Libya in these cases has moved for overly indulgent extensions in an effort to achieve a single goal – delay for the sake of delay,[1] to allow the Administration time to lobby U.S. Congresspersons for a grant of Presidential authority to waive the effect of anti-terrorism laws against Libya for its reign of terrorism against US citizens in the 1980s.[2] Plaintiffs are aware that Libya has hired a powerful new lobbyist group to seek a waiver of the new law that clarifies the old law that American victims of terrorism operated under and gives them robust new rights of recovery against the state-sponsors of terrorism that injured them.

> The law was part of a defense policy bill that President Bush signed in January.
> The bill's passage had been held up over Bush's objections to the provision letting victims of state-sponsored terrorism sue responsible foreign governments and collect judgments by seizing their assets in the United States. Bush was concerned the provision would be applied to Iraq, so Democrats gave ground by giving the president permission to waive it for that country. He did so immediately upon signing the legislation.
> ***Now, the administration has asked lawmakers to quickly grant Bush waiver authority for Libya.***

http://www.time.com/time/nation/article/0,8599,1725495,00.html (emphasis added). Libya wants the waiver authority granted *quickly* for one reason, to avoid the inevitable and expensive conclusion of the various cases against for the infamous and horrific acts of Libyan terrorism in the 1980s with a legislative fix. While Libya seeks to move quickly on Capitol Hill Libya's litigation counsel seeks to slow the cases against it in the

---

[1] Counsel for Plaintiffs in this case has the utmost respect for Thomas Whalen and his co-counsel but counsel for Plaintiffs do not believe that the request for the extension has anything to do with the needs of Mr. Whalen's firm but rather is part of the strategy described above and instituted by the Libyan government, its new litigation counsel and the lobbyists it has hired to lobby for Libyan interests on Capitol Hill to the detriment of Plaintiffs.

[2] http://www.time.com/time/nation/article/0,8599,1725495,00.html

courthouse to a crawl. Across the board Libya has been seeking extension in all of the cases against it since the passage of the Defense Authorization Act for Fiscal Year 2008. Some courts have refused to grant Libya's request for a delay.[3] In this case, Libya requests an unspecified amount of additional time beyond the April 24, 2008 status conference to respond to an amended complaint it has been able to review since February 22, 2008 and to analyze a statute that it has been able to review since January 28, 2008. (Mot at p. 3). The fact of the matter is that Libya has been long aware of the coming statutory change and lobbied the Administration against it, therefore Libya has been aware of and analyzing this statute since well before January 28, 2008. The purported basis for the request for an extension is therefore demonstrably weak.

Plaintiffs in this case are the insurers who suffered significant losses as a result of an act of terrorism by the Defendants. Plaintiffs have been waiting over twenty years for justice--in this context we can not agree to an unspecified extension of time for Defendants. Defendant is an oil-rich country with virtually unlimited resources. Counsel for Defendants is a prestigious law firm with significant resources that has been on notice of the allegations that Plaintiffs were asserting in their Amended Complaint since their Motions for Leave to File the Amended Complaint was filed on February 22, 2008. An unspecified extension beyond April 24, 2008 is unnecessary and uncalled for.[4]

If Defendants in this case have a consistent strategy in the numerous cases against them for their reign of terror in the 1980s, it is delay for delay's sake.[5] The unreasonable

---

[3] Clay v. Socialist People's Libyan Arab Jamahiriya, CA 06-707 Order (March 24, 2008); Harris v. Socialist People's Libyan Arab Jamahiriya, CA 06-732 Order (March 24, 2008.
[4] Moreover, Defendants have requested that in the event the Court grants its extension, the time for the Libyan Defendants to respond would not be set until sometime well after the April 24, 2008 status conference, which is yet 13 days from now.
[5] One of the more egregious examples of abuse of the collateral order doctrine came when the Socialist People's Libyan Arab Jamahiriya appealed a district court order that required the parties to meet and

nature of the delays has led to a response from both the Legislative branch of the US government.  Congress's response to Defendants' dilatory litigation tactics was to change the rules of procedure in Foreign Sovereign Immunities Act cases brought as a result of acts of state-sponsorship of terrorism.  After Defendants' abusive delaying tactics were brought to the attention of the last Congress, section 1083 of the Defense Authorization Act for Fiscal Year 2008 was passed by an overwhelming margin by both Houses of Congress and duly signed into law by the President.  Congress's revulsion at Defendants' conduct was unambiguous.  The Defense Authorization Act terminated the right of foreign sovereigns to collateral order doctrine appeals.  28 U.S.C. § 1605A(f).  Those foreign sovereigns now must seek certification of interlocutory appeals under 28 U.S.C. § 1292(b).

While Defendants' counsel in this case is in no way connected to the above-described litigation strategy of Defendants in the LaBelle cases, the fact is inescapable that Defendants have abused the rules of decorum that are the hallmark of the civilized practice of law and Libya is now in this case requesting an unspecified amount of time to respond to the amended complaint without a legitimate basis.  Plaintiffs continue to suffer loss as a direct result of Defendants' misconduct.

Although it is a radical departure from the ordinary course of the practice of law in our respective offices to oppose an otherwise civil motion, we are ethically compelled to object to any further delay in this matter because of the very real danger that it will create for our clients' rights in this Court.

---

"confer and submit a joint jurisdictional discovery plan as a prelude to actual discovery."  Beecham v. Socialist People's Libyan Arab Jamahiriya, 424 F.3d 1109, 1111 (D.C. Cir. 2005) (the Beecham case includes the same Defendants as here).  The Court of Appeals found that the appeal was "several steps removed" from its jurisdiction.  Id. at 1112.  Despite the frivolousness of the appeal, the Socialist People's Libyan Arab Jamahiriya was able to delay the case over 20 months before it returned to the district court.

4

**CONCLUSION**

Plaintiffs respectfully request the Court deny Defendants' request for an extension of time to file.

April 11, 2008            Respectfully Submitted,

HEIDEMAN NUDELMAN & KALIK, PC
1146 19th Street NW, Fifth Floor
Washington, DC 20036
Telephone: 202.463.1818
Facsimile: 202.463.2999

By: _/s/Richard D. Heideman_____

 _/s/ Tracy Reichman Kalik_____
Richard D. Heideman (No. 377462)
Noel J. Nudelman (No. 449969)
Tracy Reichman Kalik (No. 462055)

 _/s/Steven R. Perles_____
Steven R. Perles (No. 326975)
Edward MacAllister   (No. 494558)
THE PERLES LAW FIRM, PC
1146 19th Street, NW, 5th Floor
Washington, DC 20036
Telephone: 202-955-9055
Telefax:     202-955-3806