UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Certain Underwriters at Lloyds London, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Great Socialist People's Libyan Arab Jamahiriya, *et al.*, <br><br> Defendants. | Civil Action No. 06-00731 (GK) |

**PLAINTIFFS' PRAECIPE REGARDING STATUS OF FURTHER PROCEEDINGS BEFORE THIS COURT**

COME NOW the Plaintiffs, and pursuant to this Court's Minute Order entered March 31, 2008 file this Praecipe to advise the Court as to proposed further proceedings before this Court:

1. On January 28, 2008, the National Defense Authorization Act of 2008, Pub. L. No. 110-181 was enacted. Section 1083 of this Act amends the Foreign Sovereign Immunities Act by deleting 28 U.S.C. § 1605(a)(7), which was previously known as, the "state sponsored terrorism" exception to sovereign immunity and replaces it with 28 U.S.C. § 1605A.

2. Following the enactment of the National Defense Authorization Act of 2008, Plaintiffs filed for leave to file a Second Amended Complaint in this matter, which clarified that all Plaintiffs are bringing claims under 28

U.S.C. § 1605A and pursuant to the federal cause of action created by § 1605A(d).

3. On March 28, 2008, the Court granted the Plaintiffs' leave to file the Second Amended Complaint and the Second Amended Complaint was filed by the Clerk of Court.

4. In addition, because of certain deadlines described in the National Defense Authorization Act of 2008, which may have required the Plaintiffs to file their new 28 U.S.C. § 1605A claims by March 28, 2008 and because of the uncertainty that the Court would issue its ruling on their Motion for Leave to File a Second Amended Complaint prior to March 28, 2008, Plaintiffs filed a new action, *Certain Underwriters v. Great Socialist People's Libyan Arab Jamahiriya*, Case No. 08-cv-504-GK (hereinafter *Lloyds II*).

5. The new *Lloyds II* matter was filed as a related matter and contains the same allegations that are included in the Second Amended Complaint that has now been filed as a matter of record in this action.

6. Plaintiffs maintain that the *Lloyds II* matter and this matter should be consolidated for all purposes, as the two actions are identical, now containing the same plaintiffs, defendants, allegations and causes of action. Consolidation is favored under Fed. R. Civ. P. 42(a) as these "actions before the court involve a common question of law or fact" and every factor that classically weighs in favor of consolidation under Rule 42 applies in this case.

7. Whether the defendants are entitled to seek dismissal of all or part of the *Lloyds I or Lloyds II* matters based upon various defenses is not the issue before the Court at this time, and is not an issue for the Court to consider when deciding whether these cases should be consolidated. Even if the matters are consolidated, the Defendants would not be prejudiced as they would be entitled to raise the same grounds for dismissal and/or affirmative defenses as they would otherwise be entitled to raise if the matters were not consolidated. Consolidation is an issue of judicial economy and is proper in this instance where common issues of fact and law are before the Court

8. Plaintiffs also request that Defendants waive service of process with respect to the new *Lloyds II* matter, as the Federal Rules of Civil Procedure contemplate, but that if Defendants' counsel fails to so agree, that this Court order counsel for the Libyan Defendants in this matter to accept service on their behalf. In the alternative, should the Court not order Defendants to accept service, Plaintiffs request that the costs associated with serving the Defendants be assessed to the Defendants.

9. Plaintiffs do not believe that the filing of the *Lloyds II* matter presents any procedural problems and have brought it to unequivocally insure that their rights to assert their claims under 28 U.S.C. § 1605A are fully protected. Plaintiffs assert that once the matters are consolidated that they may proceed together in every regard, including discovery, the filing of dispositive motions, and trial.

10. Plaintiffs have been advised by the Defendants that they intend to file a Motion to Dismiss the Second Amended Complaint. Plaintiffs respectfully request that this Court enter a briefing schedule for the Motion to Dismiss as follows: the Defendants should file the Motion and other pleadings responsive to the Second Amended Complaint, which was originally due on April 11, 2008 and the new *Lloyds II* Complaint by May 12, 2008. Plaintiffs will file their Opposition by June 6, 2008 and Defendants' Reply, if any, shall be due by June 13, 2008; after which the matter shall stand submitted to the Court for ruling

11. In addition to the briefing schedule described above, for the reasons set forth below, and without staying any of the further proceedings which are set forth herein, Plaintiffs respectfully request that this Court immediately order the parties into a court-sponsored mediation or settlement conference.

12. Counsel for Plaintiffs has been advised by the United States Department of State that the Libyan Defendants are currently involved in negotiations with the United States Department of State for the purpose of reaching a comprehensive settlement involving cases against Libya for acts of terrorism.[1] As this Status Conference is believed to be the first appearance before any court in cases for acts of terrorism against Libya scheduled since the Libyan meetings with the Department of State, it therefore presents the first opportunity for the Libyan Defendants to confirm their

---

[1] Wall Street Journal website, http://online.wsj.com/article/SB120708876539881593.html?mod=googlenews_wsj (last visited April 14, 2008).

4

representations to the Department of State on the judicial record, and to do what they have said publicly and privately they intend to do, and accordingly they should agree to this Court ordering the requested court supervised mediated settlement conference.

13. The Plaintiffs propose that either Magistrate Judge Facciola or Magistrate Judge Kay be assigned to supervise such mediated settlement proceedings, as Magistrate Judge Robinson is presently involved in a disputed settlement matter involving Libyan liability for acts of terrorism, and in which Steven R. Perles, Esq., co-counsel for Plaintiffs is directly involved. In that matter, *Beecham v. Socialist People's Libyan Arab Jamahiriya*, CA 01-2243 (RWR), there is pending a motion to enforce the settlement agreement.[2] Moreover, in Libya's Opposition to the Motion to Enforce Settlement, Libya asserted that the Libyan Supreme Court Justice who represented that he was authorized to negotiate and settle claims on Libya's behalf, was not so authorized and had no apparent authority. The Plaintiffs therefore request this Court, as a condition to entering any order related to mediated settlement proceedings before a Magistrate Judge, require Libya's counsel to confirm that any negotiators who appear at such conference will have binding authority to negotiate a settlement in this matter.

14. Accordingly, the Plaintiffs, in accordance with the Court's minute Order, have sought the consent of the Defendants to the filing of a Joint Praecipe,

---

[2] *Beecham v. Socialist People's Libyan Arab Jamahiriya*, CA 01-2243, Motion to Enforce the Settlement Agreement, docket #98 (RWR) (filed September 19, 2006).

5

and the Defendants have advised Plaintiffs counsel that they do not consent to the foregoing as a Joint Praecipe of the parties.  In the absence of such consent, and as the parties were unable to agree to language for a joint filing, the foregoing constitutes the Praecipe of the Plaintiffs as to proposed further proceedings before the Court.

April 18, 2008    Respectfully Submitted,

HEIDEMAN NUDELMAN & KALIK, PC
1146 19th Street NW, Fifth Floor
Washington, DC 2008
Telephone: 202.463.1818
Facsimile: 202.463.2999

By:  /s/Richard D. Heideman

 /s/ Tracy Reichman Kalik
Richard D. Heideman (No. 377462)
Noel J. Nudelman (No. 449969)
Tracy Reichman Kalik (No. 462055)

Steven R. Perles (No. 326975)
Edward MacAllister   (No. 494558)
THE PERLES LAW FIRM, PC
1146 19th Street, NW, 5th Floor
Washington, DC 20036
Telephone: 202-955-9055
Telefax:     202-955-3806

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 18th day of  April, 2008, I caused the above Plaintiffs' Praecipe Regarding Status of Further Proceedings before this Court to be electronically filed and served on the following counsel for the Defendants:

Thomas J. Whalen, Esq.
Mark A. Johnston, Esq.
Eckert Seamons Cherin & Mellott, LLC

6

747 Pennsylvania Ave, NW
Twelfth Floor
Washington, DC  20006

Wendy West Feinstein, Esq.
Eckert Seamons Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA  15219

           ___*Tracy Reichman Kalik, Esq.*___