IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS LONDON, EACH SEVERALLY SUBSCRIBING TO INSURANCE POLICIES EACH FOR HIS OWN PART AND NOT ONE FOR THE OTHER NUMBERED AE2141B AND VS5057L, *et al.* | ) ) ) Case No. 1:06-cv-00731-GK ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| GREAT SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA a/k/a LIBYA, *et al.* | ) ) ) |
| Defendants. | ) |

## DEFENDANTS' PRAECIPE

Defendants, Great Socialist People's Libyan Arab Jamahiriya, Libyan Internal Security, Libyan External Security, Mu'Ammar Al-Qadhafi, Abdallah Al-Sanusi, and Ibrahim Al-Bishari (the "Libyan Defendants"), pursuant to the Court's March 31, 2008 Order requesting a joint status report from the parties[1] addressing issues identified by the Court, hereby submit the following Praecipe and state as follows:

I.  **Whether the newly filed action in *Certain Underwriters at Lloyds London v. Great Socialist People's Libyan Arab Jamahiriya*, Case No. 08-cv-504, should be consolidated with the instant case, Case No. 06-cv-731.**

The two actions should not be consolidated. Both complaints have identical claims and parties. Rule 42 of the Federal Rules of Civil Procedure does not contemplate the consolidation

---

[1] Prior to filing, defendants provided plaintiffs with a proposed Joint Praecipe for their consideration and review. However, the parties were not able to reach an agreement on the filing of a Joint Praecipe. Accordingly, defendants submit the following as their status report to the Court.

of identical complaints, only separate actions that involve a common question of law or fact. Parties are not entitled to pursue duplicative actions.

Moreover, pursuant to the new legislation[2] the Amended Complaint in the instant matter ("*Lloyds I*") could only be filed pursuant to Section 1083(c)(2)(A) as a "refiled" action, whereas the Complaint in *Certain Underwriters at Lloyds London v. Great Socialist People's Libyan Arab Jamahiriya,* Case No. 08-cv-504 ("*Lloyds II*") could only be filed as a "Related Action" pursuant to Section 1083(c)(3). Defendants do not believe that the Amended Complaint in the present matter qualifies as a "prior action" within the meaning of Section 1083(c)(2), or that the Complaint in *Lloyds II* qualifies as a related action as defined by Section 1083(c)(3). The requirements and limitations of refiled actions versus newly filed related actions mandate that the instant matter and *Lloyds II* be adjudicated as separate cases.

Similarly, the provisions of Section 1083(c)(3), if these provisions applied, which they do not, do not permit party plaintiffs in a pending action to file identical claims in a new matter arising out the same incident as plaintiffs have done in *Lloyds II* . Section 1083(c)(3) simply states that "any *other action* arising out of the same act or incident may be brought under section 1605A . . ." (emphasis added). The plaintiffs in *Lloyds II* who have alleged claims pursuant to Section 1605A in *Lloyds I* have not brought *another action* pursuant to Section 1083(c)(3), but rather have simply brought duplicative claims as those asserted in their Amended Complaint in *Lloyds I*. Section 1083(c)(3) contemplates the filing of "Related Actions" only, not the refiling of identical claims.

Given the express terms of Section 1083 and the distinct differences between refiled and related actions under the statute, this matter and *Lloyds II* should not be consolidated. Each

---

[2] Section 1083 of the National Defense Authorization Act of 2008, Pub. Law No. 110-181. The provisions of § 1083 have been codified at 28 U.S.C. § 1605A.

2

matter should proceed pursuant to the applicable subsection of Section 1083(c) and subject to particularized dispositive motions.

II. **What procedural problems are created with the filing of the new complaint in No. 08-cv-504?**

In addition to those problems described in Section I, above, there are numerous procedural problems arising from the filing of the new complaint in Case No. 08-cv-504. For example, there would be issues regarding res judicata and/or collateral estoppel as between the two actions. There could also be duplicative discovery in each matter thereby placing an undue burden on the parties. The Court would also likely be burdened with having to decide similar and repetitive motions in each matter. In short, the filing of the new complaint creates unnecessary obligations for both the parties and the Court in resolving plaintiffs' claims which are identical in every respect.

In addition, plaintiffs in *Lloyds II* must properly serve defendants before that case may proceed. Undersigned counsel is not authorized to accept service on behalf of the defendants and, in fact, moved for the dismissal of the original Complaint on the grounds of lack of service with respect to certain defendants in this case. Thus, any order compelling counsel to accept service on behalf of defendants would be wholly inappropriate. A summons has been issued in *Lloyds II*, but to date there is no proof that the defendants have been served in that case.

III. **The present status of these two cases, including what needs to be done to move forward to trial and/or the filing of dispositive motions.**

The Complaint in *Lloyds II* has not been served and there are no pending deadlines in that matter. Defendants intend to move for the dismissal of the Complaint in *Lloyds II* upon service of the Complaint.

Defendants also intend to file a Motion to Dismiss the Amended Complaint in this case. Defendants request that the Court enter a briefing schedule related to defendants' preliminary dispositive motion as follows:

| | |
|---|---|
| Defendants' Motion to Dismiss due | May 23, 2008 |
| Plaintiffs' Opposition due | June 23, 2008 |
| Defendants' Reply due | July 8, 2008 |

Finally, in response to plaintiffs' request for early mediation or a settlement conference, defendants do not join plaintiffs in this request. The jurisdiction of the Court over defendants remains at issue and defendants intend to assert all defenses available to them at this time. A Court-ordered mediation and/or settlement conference *in the context of the claims asserted in this case* is premature at this juncture.

                    Respectfully Submitted,

                    **ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By:     */s/ Thomas J. Whalen*
        Thomas J. Whalen, Esq. (Bar No. 208512)
        Mark A. Johnston, Esq. (Bar No. 455764)
        1747 Pennsylvania Ave., N.W.,
        Twelfth Floor
        Washington, D.C. 20006
        (202) 659-6600
        twhalen@eckertseamans.com
        mjohnston@eckertseamans.com

        Wendy West Feinstein, Esq. (Pa ID No. 86698)
        *Admitted Pro Hac Vice*
        600 Grant Street
        44th Floor
        Pittsburgh, PA 15219
        (412) 566-6000
        wfeinstein@eckertseamans.com

        Counsel for Defendants, Great Socialist People's Libyan Arab Jamahiriya, Libyan Internal Security, Libyan External Security, Mu'Ammar Al-Qadhafi, Abdallah Al-Sanusi, and Ibrahim Al-Bishari

Dated: April 18, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **Defendants' Praecipe** was electronically filed and served, this 18th day of April, 2008, to:

>Richard D. Heideman
>Noel J. Nudelman
>Tracy Reichman Kalik
>Heideman Nudelman & Kalik, P.C.
>1146 19th Street, NW
>5th Floor
>Washington, DC 20036
>
>Steven R. Perles
>PERLES LAW FIRM, P.C.
>1146 19th Street, NW
>5th Floor
>Washington, DC 20036

>*Thomas J. Whalen*
>Thomas J. Whalen