# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Certain Underwriters at Lloyds, London, *et al.*,<br><br>               Plaintiffs,<br><br>v.<br><br>Great Socialist People's Libyan Arab Jamahiriya, *et al.*,<br><br>               Defendants. | Civil Action No. 06-00731 (GK) |

### JOINT PRAECIPE

COME NOW the Parties, by and through their counsel and pursuant to the Court's Order of April 24, 2008, hereby file this Joint Praecipe addressing: (1) the status of mediation; (2) the Parties' views regarding further briefing and possible consolidation of *Certain Underwriters at Lloyds London v. Great Socialist People's Libyan Arab Jamahiriya*, Civil Action No. 08-00504 ("*Lloyds II*"), with this senior action, and (3) service of the complaint in *Lloyds II*.

I.    Status of Mediation

On June 10, 2008 the parties held their first mediation session with U.S. Magistrate Judge Alan Kay. After further consultation with their respective clients, counsel for both the Plaintiffs and the Libyan Defendants have agreed to participate in further mediation sessions to discuss possible resolution of this matter. The next mediation session with Judge Kay is scheduled for July 8, 2008.

II.  Consolidation of *Lloyds II* With This Action or Dismissal of the *Lloyds II* Action

    A.  Issues On Which The Parties Agree

Consistent with the parties' agreement and this Court's June 18, 2008 Orders in *Baker* and *Pflug*, the parties agree on the following procedure in this case and in *Lloyds II*:

1.  The parties agree that the most expedient and economical way to proceed is for the Court to suspend the full briefing schedule for the Libyan Defendants' Motion to Dismiss the Second Amended Complaint in this action, as the Court ordered in the *Baker/Pflug* cases. Currently, the Libyan Defendants' Motion to Dismiss the Second Amended Complaint in this action is due July 5, 2008. Plaintiffs' opposition is due August 20, 2008. The Libyan Defendants' Reply is due August 30, 2008.

2.  The parties further agree that, as the Court has ordered in *Baker/Pflug*, the Libyan Defendants may file a limited Motion to Dismiss addressing only whether the *Lloyds II* matter should be dismissed because it is duplicative of this action, reserving any and all other grounds upon which they might seek dismissal or otherwise defend against these claims.

3.  In light of the D.C. Circuit's recent opinion in *Simon v. Republic of Iraq*, --- F.3d ----, 2008 WL 2497417 (D.C. Cir. Jun. 24, 2008), which interprets Section 1083 of the National Defense Authorization Act for Fiscal Year 2008, Pub. L. No. 110-181, 122 Stat. 3, and 28 U.S.C. § 1605(f), the parties further agree that they should have the opportunity to address the relevance of *Simon*, if any, in this narrow briefing on the issue of the dismissal on duplicative

grounds or consolidation of *Lloyds II*. The parties attach a copy of the D.C. Circuit's opinion in *Simon* hereto as Exhibit 1.

4. The parties are discussing a proposed briefing schedule for the Libyan Defendants' limited Motion to Dismiss described herein and expect to propose a schedule to the Court promptly.

5. The parties further agree that Plaintiffs will file a Motion to Consolidate simultaneous with the filing of the Libyan Defendants' limited Motion to Dismiss, requesting that, in the event the Court denies the Libyan Defendants' limited Motion to Dismiss, *Lloyds II* will be consolidated with this action, with this action remaining the senior matter. As in *Baker/Pflug*, the Libyan Defendants will agree to consolidation if the Court denies their limited Motions to Dismiss *Lloyds II*. In the event of consolidation of the two actions, the Libyan Defendants would have an opportunity to file a consolidated Motion to Dismiss on any other grounds they may wish to raise in response to the Second Amended Complaint in this action and the *Lloyds II* Complaint.

B. <u>Issues On Which The Parties Disagree</u>

The parties disagree as to whether *Lloyds II* should be consolidated with this action or dismissed because it is duplicative of this action. The parties set forth their respective positions below.

- <u>Plaintiffs' Position:</u>

A. Plaintiffs maintain that the *Lloyds II* Action should be consolidated with this action, with this action remaining as the lead action.

B. Plaintiffs propose that any rulings made by the Court in either case would apply, as appropriate, in the other; and all such rulings would be preserved for appeal at the conclusion of the consolidated proceedings.

C. Plaintiffs take this position because the Libyan Defendants have questioned whether the Plaintiffs may (a) amend and (b) proceed in this action under 28 U.S.C. § 1605A pursuant to a Second Amended Complaint, which the Court has permitted to be filed. Accordingly, Plaintiffs maintain that in order to fully preserve their various clients' interests and rights, both this action and the *Lloyds II* action must continue to remain as active case matters and operational Civil Actions within the Court. Consolidation and the incorporation by reference of arguments made in this action to pleadings to be filed in *Lloyds II* will permit the effective and efficient administration of justice without requiring unnecessary pleadings by the Libyan Defendants.

- The Libyan Defendants' Position:

A. The Libyan Defendants' position is that *Lloyds II* is wholly duplicative of this action and that the *Lloyds II* action should be dismissed as a result. This action now asserts claims under both 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605A, while *Lloyds II* asserts the identical claims, brought by the identical parties, under Section 1605A.

4

B.  Accordingly, the Libyan Defendants' position is that Plaintiffs should voluntarily dismiss *Lloyds II* as a duplicative action, or in the alternative, that this Court should dismiss the *Lloyds II* complaint either on motion or *sua sponte*. *See, e.g., Zerilli v. Evening News Ass'n*, 628 F.2d 217, 222 (D.C. Cir. 1980) (dismissing claim as duplicative of a pending claim that plaintiff had filed against the same defendants in the same court); *Mendlow v. Library of Congress*, Case No. 98-5165, 1999 WL 187762, at *1 (D.C. Cir. Feb. 17, 1999) (affirming dismissal of claim on the grounds that it was duplicative of another claim pending in another federal court). Permitting the *Lloyds II* action to proceed only forces the Libyan Defendants to expend unnecessary resources responding to this duplicative action (including the assertion of the defense that dismissal is appropriate because the action is duplicative).

C.  To the extent that the Court determines not to dismiss *Lloyds II* because it is duplicative of this action, the Libyan Defendants would permit their counsel to accept service of the *Lloyds II* Complaint as set forth in Section III below. As stated above, the Libyan Defendants reserve any and all available defenses, rights and immunities, except as to service of process (if the Court allows *Lloyds II* to proceed), related to *Lloyds II*.

III.    Service of the Complaint in <u>Lloyds II v. Great Socialist People's Libyan Arab Jamahiriya</u>, Civil Action No. 08-529

    A.    Regarding service, the Parties have agreed to proceed in *Lloyds II* in the same manner and on the same conditions as this Court recently approved in *Pflug*.

    B.    The Libyan Defendants would permit their counsel to accept service of the *Lloyds II* Complaint on their behalf under the following conditions:

1. Counsel would accept service on behalf of the Libyan State Defendants for all purposes, but would accept service on behalf of the Individual Libyan Defendants only in their respective official capacities and not in their personal capacities.

2. With regard to Ibrahim Al-Bishari, counsel for the Libyan Defendants is not in a position to accept service in any capacity because Mr. Al-Bishari is deceased. The Libyan Defendants' counsel and Plaintiffs' counsel are in the process of conferring with the hope of reaching agreement concerning how Mr. Al-Bishari's death should be dealt with in the context of this proceeding.

3. Plaintiffs expressly reserve the right to serve the individual Libyan Defendants in their personal capacities, and to substitute the representative of the Estate of Ibrahim Al-Bishari, should they choose to do so at a later date.

4. In accepting service, the Libyan Defendants reserve, and expressly do not waive, all rights and defenses except as to service of process, including but not limited to any and all jurisdictional defenses, any and

all legal and factual defenses the Libyan Defendants may raise in any other Motions to Dismiss, or at any other time, and Head of State Al-Qadhafi's defense that he is absolutely immune from suit.

Dated: July 2, 2008              Respectfully Submitted,

**Counsel for the Plaintiffs:**

HEIDEMAN NUDELMAN
 & KALIK, P.C.
1146 19th Street, N.W.
Fifth Floor
Washington, DC 20036
Telephone: 202-463-1818
Telefax: 202-463-2999

By: /s/*Richard D. Heideman*
      /s/ *Tracy Reichman Kalik*
   Richard D. Heideman (No. 377462)
   Noel J. Nudelman (No. 449969)
   Tracy Reichman Kalik (No. 462055)


PERLES LAW FIRM, P.C

Steven R. Perles (No. 326975)
Edward MacAllister
1146 19th Street, N.W.
Fifth Floor
Washington, DC 20036
Telephone: 202-955-9055
Telefax:    202-955-3806

**Of Counsel for Plaintiffs:**

F. R. Jenkins (Virginia Bar No. 36302)
 Meridian 361 International Law
Group, PLLC
2 Dr. Johnson's Buildings
Inner Temple
London EC4Y 7AY

7

United Kingdom
Tel. + 1-866-338-7087
Facsimile + 1-202-315-3894

**Counsel for the Libyan Defendants:**

ECKERT SEAMANS CHERIN &
MELLOTT, LLC

By:/s/ Thomas J. Whalen

Thomas J. Whalen, Esq.
Mark A. Johnston, Esq.
747 Pennsylvania Ave, NW
Twelfth Floor
Washington, DC 20006

Wendy West Feinstein, Esq.
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219


WHITE & CASE LLP

Christopher M. Curran
Francis A. Vasquez, Jr.
Nicole E. Erb
701 Thirteenth Street, N.W.
Washington, DC 20005